**Affirmed and Opinion filed August 25, 2015.**



In The

# Fourteenth Court of Appeals

## NO. 14-14-00376-CR

**REGINALD TURON HILL, Appellant**

**V.**

**THE STATE OF TEXAS, Appellee**

**On Appeal from the 177th District Court
Harris County, Texas
Trial Court Cause No. 1416500**

## O P I N I O N

A jury convicted appellant Reginald Turon Hill of aggravated sexual assault and sentenced him to confinement for 50 years in the Institutional Division of the Texas Department of Criminal Justice. In his sole issue on appeal, appellant argues the trial court abused its discretion when it sua sponte discharged a juror during deliberations and replaced her with an alternate. Appellant asserts the error was

reversible under either a constitutional, or non-constitutional, harm analysis. We affirm.

The record reflects appellant objected to removal of the juror but the State did not. The trial court dismissed the juror on the grounds that she was not qualified for service because she was not a citizen of Harris County. *See* Tex. Code Crim. Proc. art. 33.011(b) (allowing the trial court to replace a juror who is found to be disqualified with an alternate juror); and Tex. Gov't Code § 62.102(2) (a qualification for jury service is that the juror be a citizen of the county in which the person is to serve as a juror). The requirement that a juror be a citizen of the county of service can be waived. *Mayo v. State*, 4 S.W.3d 9, 11 (Tex. Crim. App. 1999). In this case, neither party objected to the juror's continued service. Accordingly, we agree with the State's concession that the trial court erred in discharging the juror here on its own motion. *See Whitehead v. State*, 437 S.W.3d 547, 555–56 (Tex. App.—Texarkana 2014, pet. ref'd) (concluding the trial court abused its discretion in removing a juror from service and replacing him with an alternate when the original juror was not unable or disqualified to perform his duty).

We must therefore determine whether the error was reversible. Citing *Crist v. Bretz*, 437 U.S. 28, 35–36, 98 S.Ct. 2156, 57 L.Ed.2d 24 (1978), appellant asserts that he had a right to have his trial completed by the "particular tribunal" that was empaneled and sworn; therefore the error violated his federal constitutional guarantee against double jeopardy. Appellant cites the Texas Constitution in support of his complaint that only 11 jurors comprised the jury weighing the evidence during all of the deliberations thus his state constitutional right to a 12-person jury was violated. *See* Tex. Const. art. V, § 13. Appellant argues the error was reversible under either a constitutional or non-constitutional harm analysis.

In support of his argument that the error was constitutional, appellant relies upon *Scales v. State,* 380 S.W.3d 780, 786 n. 25, (Tex. Crim. App. 2012). *Scales* cites *United States v. Scott*, 437 U.S. 82, 94, 98 S. Ct. 2187, 2195, 57 L. Ed. 2d 65 (1978), for the proposition that there is a right in federal law to a verdict from the "first trier of fact." However *Scott* involved double jeopardy, not replacement of a juror. The Court's reference to the "first trier of fact" must be taken in that context and as opposed to a second trier of fact, i.e. a second jury. Moreover, as appellant concedes, the court in *Scales* did not find the error was constitutional. Rather, the Court assumed, without deciding, that the trial court's erroneous removal of a juror constituted statutory error and must therefore be analyzed under Rule 44.2(b). *Id.* at 786. Subsequently, the Court did the same in *Sandoval v. State*, 409 S.W.3d 259, 280 (Tex. Crim. App. 2013). We are therefore not persuaded that under *Scales* the error is constitutional.

To characterize it as a constitutional violation, the trial court's error would have to produce a biased jury. *Sneed v. State*, 209 S.W.3d 782, 788 (Tex. App.—Texarkana 2006, pet. ref'd). The manner in which juries are selected is determined by the legislature and is not prescribed by either the United States or Texas Constitutions. *Id.* The error involved the trial court's failure to follow the statutory scheme for replacing a juror with an alternate and is therefore not of constitutional dimension. *See Ponce v. State*, 68 S.W.3d 718, 722 (Tex. App.—Houston [14th Dist.] 2001, pet. ref'd). Any non-constitutional error, defect, irregularity, or variance that does not affect substantial rights must be disregarded. Tex. R. App. P. 44.2(b). A substantial right is affected when the error had a substantial and injurious effect or influence in determining the jury's verdict. *See King v. State*, 953 S.W.2d 266, 271 (Tex. Crim. App. App. 1997).

The trial court's replacement of the juror with an alternate did not deprive appellant of a 12-person jury. Even though it was error to dismiss the original juror, the jury was composed of 12 properly selected members. The alternate juror was subjected to the same selection process, was properly sworn, and heard all of the evidence. The court admonished the jury, upon the seating of the alternate, to "start over with your deliberations . . . to the point where it is necessary to bring [alternate] up to speed where she can make a clear and informed vote and decision in this case." In an analogous situation, if the trial court were to erroneously grant the State's challenge for cause during voir dire, reversal would only occur if the defendant showed that he or she was deprived of a lawfully constituted jury. *Sneed*, 209 S.W.3d at 788 (citing *Feldman v. State*, 71 S.W.3d 738 (Tex. Crim. App. 2002) and *Jones v. State*, 982 S.W.2d 386, 394 (Tex. Crim. App. 1998)). Appellant was not deprived of a lawfully constituted jury and the record does not reflect any taint from the alternate juror. Because no harm is evident from the record, we conclude the trial court's error did not affect appellant's substantial rights. *See* Tex. R. App. P. 44.2(b); *Sneed*, 209 S.W.3d at 788; and *Ponce*, 68 S.W.3d at 722.

Accordingly, appellant's issue is overruled and the judgment of the trial court is affirmed.

/s/    Martha Hill Jamison
       Justice

Panel consists of Chief Justice Frost and Justices Jamison and Yates.[1]
Publish — Tex. R. App. P. 47.2(b).

[1] Senior Justice Leslie Brock Yates sitting by assignment.