PD-1260-15
COURT OF CRIMINAL APPEALS
AUSTIN, TEXAS
Transmitted 11/2/2015 1:34:58 PM
Accepted 11/2/2015 3:47:15 PM
ABEL ACOSTA
CLERK

NO. PD-1260-15

IN THE COURT OF CRIMINAL APPEALS
OF THE STATE OF TEXAS

REGINALD TURON HILL
*Appellant*

v.

THE STATE OF TEXAS
*Appellee*

On Petition for Discretionary Review of Cause No. 14-14-00376-CR
In the Fourteenth Court of Appeals, affirming Judgment in Cause Number 1416500
From the 177th District Court of Harris County, Texas
Hon. Ryan Patrick, Judge Presiding

PETITION FOR DISCRETIONARY REVIEW

ORAL ARGUMENT REQUESTED

ALEXANDER BUNIN
Chief Public Defender
Harris County, Texas

CHERI DUNCAN
Assistant Public Defender
Harris County, Texas
Texas Bar No. 06210500
1201 Franklin, 13th floor
Houston, Texas 77002
Phone: (713) 368-0016
Fax: (713) 368-9278
cheri.duncan@pdo.hctx.net
COUNSEL FOR APPELLANT

FILED IN
COURT OF CRIMINAL APPEALS

November 2, 2015

ABEL ACOSTA, CLERK

## IDENTITY OF PARTIES AND COUNSEL

APPELLANT:           Reginald Turon Hill
                    TDCJ# 01930777
                    McConnell Unit, TDCJ
                    3001 S Emily Dr
                    Beeville, TX 78102

TRIAL PROSECUTOR:        Farnaz Faiaz
                    Brad Means
                    Assistant District Attorneys
                    Harris County, Texas
                    1201 Franklin, Suite 6th Fl
                    Houston, TX 77002

DEFENSE COUNSEL AT TRIAL:    Jacquelyn R. Carpenter
                    Eric J. Davis
                    Assistant Public Defenders
                    1201 Franklin, 13th Fl
                    Houston, Texas 77002

PRESIDING JUDGE:        Hon. Ryan Patrick
                    177th District Court
                    Harris County, TX
                    1201 Franklin, 19th Fl
                    Houston, TX  77002

COUNSEL ON APPEAL:      Cheri Duncan
                    Assistant Public Defender
                    Harris County, TX
                    1201 Franklin, 13th Fl
                    Houston, TX 77002

# TABLE OF CONTENTS

IDENTITY OF PARTIES AND COUNSEL...................................................................ii

TABLE OF CONTENTS....................................................................................iii

INDEX OF AUTHORITIES ............................................................................... iv

STATEMENT REGARDING ORAL ARGUMENT ................................................. 1

STATEMENT OF THE CASE ........................................................................... 1

PROCEDURAL HISTORY ............................................................................... 2

QUESTION PRESENTED.................................................................................. 2

> **THE TRIAL COURT, SUA SPONTE, REPLACED A JUROR DURING DELIBERATIONS. DID THIS VIOLATE APPELLANT'S RIGHT: 1) UNDER THE TEXAS CONSTITUTION, TO A 12-PERSON JURY; AND 2) UNDER THE U.S. AND TEXAS CONSTITUTIONS TO NOT FACE DOUBLE JEOPARDY; AND WAS THE COURT OF APPEALS WRONG WHEN IT HELD THAT THE TRIAL COURT'S ERROR WAS HARMLESS?**

REASONS FOR GRANTING REVIEW.................................................................. 2

    A.  FACTS RELEVANT TO THE QUESTION................................................... 2

    B.  ARGUMENT:  TWELVE-MEMBER JURY............................................... 3

    C.  ARGUMENT:  DOUBLE JEOPARDY..................................................... 4

    D.  ARGUMENT:  HARM ANALYSIS....................................................... 5

PRAYER ...................................................................................................... 6

CERTIFICATE OF SERVICE............................................................................. 7

CERTIFICATE OF COMPLIANCE ...................................................................... 7

APPENDIX

## INDEX OF AUTHORITIES

### Cases

*Crist v. Bretz,* 437 U.S. 28 (1978) ......................................................................... 5

*Hill v. State,* ___ S.W.3d ___, 2015 WL 5025476 (Tex. App. – Houston [14th Dist.] Aug. 25, 2015) ............................................................................................................ 2

*Mayo v. State,* 4 S.W.3d 9 (Tex. Crim. App. 1999) ............................................... 4

*Scales v. State,* 380 S.W.3d 780 (Tex. Crim. App. 2012) ............................... 1,4, 5, 6

### Rules

TEX. R. APP. PROC. 9.2 ......................................................................................... 7

TEX. R. APP. PROC. 44.2 ....................................................................................... 1

TEX. R. APP. PROC. 44.2 (a) ................................................................................. 6

TEX. R. APP. PROC. 66.3(c) ................................................................................... 1

TEX. R. APP. PROC. 66.3 (f) .................................................................................. 1

### Constitutional Provisions

TEX. CONST. ................................................................................................ 1, 2, 3

TEX. CONST. ART. 1 § 14 ...................................................................................... 6

TEX. CONST. ART. V, § 13 ................................................................................. 3, 6

U.S. CONST. ................................................................................................. 1, 2, 4

U.S. CONST. AMEND. V ......................................................................................... 6

U.S. CONST. AMEND. XIV ................................................................................ 1, 2, 4

**TO THE COURT OF CRIMINAL APPEALS:**

Reginald Turon Hill, the appellant, petitions this Court to reverse the judgment of the Fourteenth Court of Appeals.

## STATEMENT REGARDING ORAL ARGUMENT

Oral argument would be helpful to the Court because the case presents important questions of federal and state law that have yet to be answered directly by the Court: whether a trial court's decision to sua sponte replace a juror during deliberations violates the Texas Constitution's guarantee of a 12-member jury in felony cases, and violates the U.S. and Texas Constitutions' prohibition against double jeopardy, and whether the court of appeals erred in holding that such action is merely statutory error. *See* TEX. R. APP. PROC. 44.2. These questions were left open in *Scales v. State*, 380 S.W.3d 780 (Tex. Crim. App. 2012), which affirmed a lower court's reversal in a case that also addressed the substitution of a juror during deliberations. The Court should provide answers to these questions to prevent further confusion in the courts of appeal. *See* TEX. R. APP. PROC. 66.3(c) and (f).

## STATEMENT OF THE CASE

A Harris County jury found Mr. Hill guilty of aggravated sexual assault on May 2, 2014, and assessed punishment at 50 years in the Texas Department of Criminal Justice – Institutional Division. The trial court entered judgment on May 8, 2014.

1

# PROCEDURAL HISTORY

Notice of appeal was filed on May 2, 2014. In a published opinion, the Fourteenth Court of Appeals affirmed Mr. Hill's conviction on August 25, 2015. *See* Appendix, slip op. for *Hill v. State*, __ S.W.3d __, 2015 WL 5025476 (Tex. App. – Houston [14th Dist.] Aug. 25, 2015). No motion for rehearing was filed. This Court granted a motion to extend time to file petition for discretionary review, making the petition due on October 26, 2015. Appellant is filing a second motion to extend with this petition.

# QUESTION PRESENTED

**The trial court, sua sponte, replaced a juror during deliberations. Did this violate Appellant's right: 1) under the Texas Constitution, to a 12-person jury; and 2) under the U.S. and Texas Constitutions to not face double jeopardy; and was the court of appeals wrong when it held that the trial court's error was harmless?**

# REASONS FOR GRANTING REVIEW

## A.    Facts Relevant to the Question

After a four-day trial on guilt or innocence, the jury began its deliberations on April 30, 2914. The two alternate jurors were instructed to remain, but were not allowed into the jury room. That same day, the jury sent out four notes requesting exhibits or transcripts of testimony. At the end of the day, the judge instructed jurors to return at 9:30 a.m. on May 1, 2014.

On May 1, the jury resumed deliberations. During the course of the day, jurors sent out three more requests for portions of witnesses' testimony. After the judge read back the requested testimony in response, jurors retired again for further deliberations.

Later that day, the judge called one juror out of the jury room and placed her under oath to question her about her home address, saying that some confusion had arisen about whether she was a resident of Harris County or Galveston County. After a colloquy with the juror, the judge released her from further service because "… I believe there is [sic] some credibility issues as to what [sic] may or may not be able to fully substantiate what your home residence is." (7 RR at 24).

Defense counsel objected and asked that the juror remain. The judge overruled counsel's objections and called the first alternate to deliberate with the rest of the jury. He instructed the remaining jurors to resume their deliberations "at the point needed to bring her up to speed." (7 RR at 32). Defense counsel again objected, and the judge again overruled the objection (7 RR at 33). Though it was after 5 p.m., the judge read back one more portion of testimony to the new jury and allowed it to deliberate about 10 minutes before recessing for the day (7 RR at 34). The next day, the new jury began deliberating shortly after 9:00 a.m. and announced they had reached a verdict at 10:05 a.m. (8 RR at 7).

## B.     Argument: Twelve-Member Jury

A Texas felony defendant has a right to have a 12-member jury weigh the evidence against him and decide his fate. *See* TEX. CONSTIT. ART. V, § 13. In this case,

the court of appeals concluded that the error in replacing one of 12 jurors during deliberations was harmless because after the trial court seated the alternate, Appellant, still was convicted by a 12-member jury. However, our state constitution's guarantee of a 12-person jury is not like the rules of basketball, where a coach can substitute individual players multiple times, as long as the team always has five players on the court. On this basis alone, the trial court's action was a constitutional error. Even if it were not, it still affected Appellant's substantial rights and should result in a reversal of his conviction.

## C.    Argument: Double Jeopardy

Even if the original juror in this case had not been a Harris County resident, as the judge suspected, that fact would not have disqualified her during deliberations. A juror's county of residence is not an absolute disqualification or disability from jury service. It is merely a waivable disqualification, as this Court held in *Mayo v. State*, 4 S.W.3d 9, 11-12 (Tex. Crim. App. 1999). In the court of appeals, the state conceded that the trial court erred in discharging the juror on its own motion. The lower court agreed that the sua sponte discharge was error, but ruled that the error was harmless, contrary to this Court's opinion in *Scales v. State*, 380 S.W.3d 780, 786 (Tex. Crim. App. 2012). Slip op. at 4.

The trial court instructed the new jury to begin its deliberations "at the point needed to bring [the alternate juror] up to speed," not to start over from the beginning. It is telling that the new jury deliberated only a little more than an hour before finding

4

Appellant guilty, with no questions or requests for exhibits or testimony. This is a stark contrast to the original jury, which deliberated for more than a day with numerous questions to the court and requests for read-backs of testimony.

By calling this error harmless, the court of appeals ignored the importance of the deliberative process in our system of trial by jury. In this case, the alternate jurors sat in the courtroom, not the jury room, during deliberations. The alternate who replaced the discharged juror did not hear the discussions among the original twelve, and did not experience the care with which the jury conducted the first round of deliberations, as evidenced by the extended time they deliberated and the number of questions they asked the trial judge. Instead, heeding the judge's instructions to get the alternate "up to speed," the new jury made haste to do just that and return a verdict of guilty.

## D. Argument: Harm Analysis

In *Scales*, this Court said that a trial court's error in replacing a qualified juror during deliberations was reversible whether or not the error was of constitutional dimensions, because it affected the defendant's substantial rights. The Fourteenth Court disagreed, noting that the alternate juror in this case was subjected to the same selection process, was properly sworn, and heard all of the evidence. This ignores the fact that this would have been equally true for the alternate juror in *Scales*.

A defendant has a double-jeopardy right to have his trial completed by a particular tribunal, according to *Crist v. Bretz*, 437 U.S. 28, 35-6 (1978). *See* U.S. CONSTIT. AMENDS. V, XIV. *See, also*, TEX. CONSTIT. ART. 1 § 14. A defendant also has a right

5

under TEX. CONSTIT. ART. V, § 13, to have a single 12-member jury weigh the evidence against him and decide his fate together, unanimously. The court of appeals, therefore, erred when it held that the trial court's action in this case was not constitutional error. This Court needs to answer the questions it left open in *Scales*, and clarify that a trial court's sua sponte decision to replace a deliberating juror with an alternate is constitutional error nature and must be reversed unless the reviewing court determines beyond a reasonable doubt that the error did not contribute to the conviction or punishment. *See* TEX. R. APP. PROC. 44.2(a). Alternatively, the Court should grant the petition because the court of appeals failed to correctly apply *Scales* and hold that the error in this case affected Appellant's substantial rights.

### PRAYER

For these reasons, Mr. Hill asks this Court to grant his petition, and upon review, to reverse and remand to the trial court for a new trial.

Respectfully submitted,

**ALEXANDER BUNIN**
Chief Public Defender
Harris County Texas

*/s/ Cheri Duncan*

_____

**CHERI DUNCAN**
Assistant Public Defender
Harris County Texas
Texas Bar No. 06210500
1201 Franklin, 13th floor
Houston Texas 77002
Phone: (713) 368-0016

6

Fax: (713) 368-9278
cheri.duncan@pdo.hctx.net

**CERTIFICATE OF SERVICE**

I certify that a copy of this petition was served on the Harris County District Attorney and the State Prosecuting Attorney by electronic service on November 2, 2015.

/s/ *Cheri Duncan*

_____

**CHERI DUNcan**

**CERTIFICATE OF COMPLIANCE**

I certify that this petition complies with Rule 9.2, TEX. R. APP. PROC. It was prepared on a computer using 14-point Garamond type. It contains 1,435 words.

/s/ *Cheri Duncan*

_____

**CHERI DUNCAN**

**Affirmed and Opinion filed August 25, 2015.**



In The

# Fourteenth Court of Appeals

---

## NO. 14-14-00376-CR

---

**REGINALD TURON HILL, Appellant**

**V.**

**THE STATE OF TEXAS, Appellee**

---

**On Appeal from the 177th District Court**
**Harris County, Texas**
**Trial Court Cause No. 1416500**

---

### O P I N I O N

A jury convicted appellant Reginald Turon Hill of aggravated sexual assault and sentenced him to confinement for 50 years in the Institutional Division of the Texas Department of Criminal Justice. In his sole issue on appeal, appellant argues the trial court abused its discretion when it sua sponte discharged a juror during deliberations and replaced her with an alternate. Appellant asserts the error was

# APPENDIX

reversible under either a constitutional, or non-constitutional, harm analysis. We affirm.

The record reflects appellant objected to removal of the juror but the State did not. The trial court dismissed the juror on the grounds that she was not qualified for service because she was not a citizen of Harris County. *See* Tex. Code Crim. Proc. art. 33.011(b) (allowing the trial court to replace a juror who is found to be disqualified with an alternate juror); and Tex. Gov't Code § 62.102(2) (a qualification for jury service is that the juror be a citizen of the county in which the person is to serve as a juror). The requirement that a juror be a citizen of the county of service can be waived. *Mayo v. State*, 4 S.W.3d 9, 11 (Tex. Crim. App. 1999). In this case, neither party objected to the juror's continued service. Accordingly, we agree with the State's concession that the trial court erred in discharging the juror here on its own motion. *See Whitehead v. State*, 437 S.W.3d 547, 555–56 (Tex. App.—Texarkana 2014, pet. ref'd) (concluding the trial court abused its discretion in removing a juror from service and replacing him with an alternate when the original juror was not unable or disqualified to perform his duty).

We must therefore determine whether the error was reversible. Citing *Crist v. Bretz*, 437 U.S. 28, 35–36, 98 S.Ct. 2156, 57 L.Ed.2d 24 (1978), appellant asserts that he had a right to have his trial completed by the "particular tribunal" that was empaneled and sworn; therefore the error violated his federal constitutional guarantee against double jeopardy. Appellant cites the Texas Constitution in support of his complaint that only 11 jurors comprised the jury weighing the evidence during all of the deliberations thus his state constitutional right to a 12-person jury was violated. *See* Tex. Const. art. V, § 13. Appellant argues the error was reversible under either a constitutional or non-constitutional harm analysis.

In support of his argument that the error was constitutional, appellant relies upon *Scales v. State,* 380 S.W.3d 780, 786 n. 25, (Tex. Crim. App. 2012). *Scales* cites *United States v. Scott*, 437 U.S. 82, 94, 98 S. Ct. 2187, 2195, 57 L. Ed. 2d 65 (1978), for the proposition that there is a right in federal law to a verdict from the "first trier of fact." However *Scott* involved double jeopardy, not replacement of a juror. The Court's reference to the "first trier of fact" must be taken in that context and as opposed to a second trier of fact, i.e. a second jury. Moreover, as appellant concedes, the court in *Scales* did not find the error was constitutional. Rather, the Court assumed, without deciding, that the trial court's erroneous removal of a juror constituted statutory error and must therefore be analyzed under Rule 44.2(b). *Id.* at 786. Subsequently, the Court did the same in *Sandoval v. State*, 409 S.W.3d 259, 280 (Tex. Crim. App. 2013). We are therefore not persuaded that under *Scales* the error is constitutional.

To characterize it as a constitutional violation, the trial court's error would have to produce a biased jury. *Sneed v. State*, 209 S.W.3d 782, 788 (Tex. App.— Texarkana 2006, pet. ref'd). The manner in which juries are selected is determined by the legislature and is not prescribed by either the United States or Texas Constitutions. *Id.* The error involved the trial court's failure to follow the statutory scheme for replacing a juror with an alternate and is therefore not of constitutional dimension. *See Ponce v. State*, 68 S.W.3d 718, 722 (Tex. App.—Houston [14th Dist.] 2001, pet. ref'd). Any non-constitutional error, defect, irregularity, or variance that does not affect substantial rights must be disregarded. Tex. R. App. P. 44.2(b). A substantial right is affected when the error had a substantial and injurious effect or influence in determining the jury's verdict. *See King v. State*, 953 S.W.2d 266, 271 (Tex. Crim. App. App. 1997).

3

The trial court's replacement of the juror with an alternate did not deprive appellant of a 12-person jury. Even though it was error to dismiss the original juror, the jury was composed of 12 properly selected members. The alternate juror was subjected to the same selection process, was properly sworn, and heard all of the evidence. The court admonished the jury, upon the seating of the alternate, to "start over with your deliberations . . . to the point where it is necessary to bring [alternate] up to speed where she can make a clear and informed vote and decision in this case." In an analogous situation, if the trial court were to erroneously grant the State's challenge for cause during voir dire, reversal would only occur if the defendant showed that he or she was deprived of a lawfully constituted jury. *Sneed*, 209 S.W.3d at 788 (citing *Feldman v. State*, 71 S.W.3d 738 (Tex. Crim. App. 2002) and *Jones v. State*, 982 S.W.2d 386, 394 (Tex. Crim. App. 1998)). Appellant was not deprived of a lawfully constituted jury and the record does not reflect any taint from the alternate juror. Because no harm is evident from the record, we conclude the trial court's error did not affect appellant's substantial rights. *See* Tex. R. App. P. 44.2(b); *Sneed*, 209 S.W.3d at 788; and *Ponce*, 68 S.W.3d at 722.

Accordingly, appellant's issue is overruled and the judgment of the trial court is affirmed.

/s/    Martha Hill Jamison
        Justice

Panel consists of Chief Justice Frost and Justices Jamison and Yates.[1]
Publish — Tex. R. App. P. 47.2(b).

---

[1] Senior Justice Leslie Brock Yates sitting by assignment.