In The

*Court of Appeals*

*Ninth District of Texas at Beaumont*

_____

NO. 09-16-00329-CR
NO. 09-16-00330-CR

_____

CURTIS RAY HARRISON, Appellant

V.

THE STATE OF TEXAS, Appellee

On Appeal from the 9th District Court
Montgomery County, Texas
Trial Cause No. 15-10-10947-CR (Counts 1 and 2)

**MEMORANDUM OPINION**

Curtis Ray Harrison was indicted for aggravated assault with a deadly weapon and for unlawful possession of a firearm by a felon, with the charges enhanced for a prior felony conviction. *See* Tex. Penal Code Ann. §§ 22.02, 46.04 (West 2011). Harrison pleaded not guilty to the charges, and he stipulated to the prior conviction. A jury found Harrison guilty on both counts, and the trial court sentenced Harrison to thirty years' confinement on the count of aggravated assault with a deadly weapon

and twenty years' confinement on the count of unlawful possession of a firearm by a felon, with the sentences to run concurrently. Harrison timely filed notices of appeal. In a single issue, Harrison challenges his convictions. We affirm.

DISMISSAL OF A JUROR

After the court had given the jury charge to the jury and jury deliberations had begun, the presiding juror sent a note from juror J.V. to the court. The note stated as follows:

Judge,

I've come to the conclusion [] it has become hard for me to decide if the defensor [sic] is guilty yes or no. I cannot come to a conclusion because my judgment is strongly influenced by bible principles. If I was to make a decision of this impact on a jury my conscience would not be at peace.

I understand there is an alternate juror, and if the judge may find it acceptable I would prefer if the alternate juror took my place.

The note was signed by juror J.V. and by the presiding juror. The court had the bailiff bring J.V. to the courtroom and the following exchange occurred:

THE COURT: . . .[J.V.], are you saying that you absolutely cannot perform the role of a juror at this point because of your religious convictions?

[J.V.]: I cannot, Judge.

THE COURT: So you just absolutely cannot determine yes or no, whether or not this defendant is guilty?

[J.V.]: I cannot, Judge. My conscious [sic] wouldn't allow me to make that decision.

THE COURT: So do you believe that even though I'm instructing you to go back there and follow the law because of your strongly influenced bible principles you cannot perform that duty?

[J.V.]: I believe it would violate my conscious [sic] that would have an impact on my life.

THE COURT: You're not willing to do that?

[J.V.]: I'm not.

Following this direct questioning of J.V., the court ruled as follows:

THE COURT: . . . It's the ruling of this Court based on my conversations with [J.V.] as well as the note she sent out that she suffers from [an] emotional state[] [t]hat is based on her deeply held religious convictions that prevents her from even deliberating in this case and not that she has a problem with finding somebody guilty in a criminal matter. Based on her statements she has -- she is not able to even deliberate which, I believe, inhibits her condition, inhibits her ability from performing her basic duties as a juror which is deliberation. So I am finding that she is disabled.

The trial court seated the alternate juror as a member of the jury, and jury deliberations continued. The defense objected to the dismissal of J.V. arguing that the requisite level of disability had not been shown.

APPLICABLE LAW

Before a jury renders its verdict, alternate jurors "shall replace jurors who . . . become or are found to be unable or disqualified to perform their duties or are found

3

by the court on agreement of the parties to have good cause for not performing their duties." Tex. Code Crim. Proc. Ann. art. 33.011(b) (West Supp. 2016). "The trial court has discretion to determine whether a juror has become disabled and to seat an alternate juror." *Scales v. State*, 380 S.W.3d 780, 783 (Tex. Crim. App. 2012) (citing Tex. Code Crim. Proc. Ann. art. 36.29 (West Supp. 2016) ("If a Juror Dies or Becomes Disabled")); *Whitehead v. State*, 437 S.W.3d 547, 554 (Tex. App.— Texarkana 2014, pet. ref'd); *Romero v. State*, 396 S.W.3d 136, 142 (Tex. App.— Houston [14th Dist.] 2013, pet. ref'd).[1] The Court of Criminal Appeals has interpreted article 36.29 to require that a disabled juror suffer from a "'physical illness, mental condition, or emotional state that would hinder or inhibit the juror from performing his or her duties as a juror,' or that the juror was suffering from a condition that inhibited him from 'fully and fairly performing the functions of a juror.'" *Scales*, 380 S.W.3d at 783 (quoting *Valdez v. State*, 952 S.W.2d 622, 624 (Tex. App.—Houston [14th Dist.] 1997, writ ref'd) and citing *Ramos v. State*, 934 S.W.2d 358, 369 (Tex. Crim. App. 1996)). When dismissing a juror, the trial court must not dismiss a juror for reasons related to that juror's evaluation of the

---

[1] Harrison's issue on appeal addresses article 33.011 of the Code of Criminal Procedure, and he makes no argument concerning article 36.29. *See* Tex. Code Crim. Proc. Ann. arts. 33.011, 36.29 (West Supp. 2016).

sufficiency of the evidence. *Id.* (citing *United States v. Edwards*, 303 F.3d 606, 633 (5th Cir. 2002)).

Absent an abuse of discretion by the trial court, no reversible error will be found. *See id.* at 784; *Routier v. State*, 112 S.W.3d 554, 588 (Tex. Crim. App. 2003) (citing *Brooks v. State*, 990 S.W.2d 278, 286 (Tex. Crim. App. 1999)); *Romero*, 396 S.W.3d at 142. The trial court is the sole fact-finder and judge of the credibility of testifying jurors. *See Romero*, 396 S.W.3d at 142 (quoting *Scales*, 380 S.W.3d at 784). We do not substitute our judgment for that of the trial court, but rather we determine whether the trial court's ruling was arbitrary or unreasonable, viewing the evidence in the light most favorable to the court's ruling. *See Scales*, 380 S.W.3d at 784. We uphold a trial court's ruling provided it is within the zone of reasonable disagreement. *Id.*

## ANALYSIS

Harrison argues on appeal that the evidence is insufficient to determine whether J.V. was disqualified or disabled. According to Harrison, "the record is unclear that the excused juror was disabled or unable to perform her duties as a juror." Harrison also argues that J.V.'s note was not clear regarding why J.V. would not be able to come to a decision, why participation in the verdict would violate

5

J.V.'s conscience, or whether J.V. was being "pressured into a specific verdict by the other jurors."

We find Harrison's arguments unavailing, and we find no abuse of discretion by the trial court. *See id.* We distinguish the case at bar from *Scales*, in which the Court of Criminal Appeals determined that, relying solely on the testimony of the jury foreperson, it was impossible to tell from the record whether the trial court had sufficient information from which to determine that a dismissed juror was not able to perform her duties as a juror. *Id.* at 785-86. In the instant case, however, the trial court considered J.V.'s note and also directly questioned J.V. on the record. The trial court specifically asked J.V. whether she "absolutely cannot determine" if the defendant was guilty and whether she was willing to participate in deliberations, to which J.V. answered that she could not. The trial court then concluded on the record that J.V. had an "emotional state [] based on her deeply held religious convictions" that rendered her unable to deliberate or to perform her basic duties as a juror. Therefore, we find no abuse of discretion by the trial court in concluding that J.V. was disabled. The trial court's ruling that J.V. suffered from an emotional state that prevented her from continuing to perform her duties is supported by the record and is within the zone of reasonable disagreement, and there is no indication that the trial

6

court removed the juror for her evaluation of the evidence. *See id.* at 783-84; *Romero*, 396 S.W.3d at 144.

Moreover, the record lacks any evidence of taint resulting from the seating of an alternate juror. *See Sneed v. State*, 209 S.W.3d 782, 788 (Tex. App.—Texarkana 2006, pet. ref'd); *Ponce v. State*, 68 S.W.3d 718, 722 (Tex. App.—Houston [14th Dist.] 2001, pet. ref'd). Where the record shows no taint from a substituted juror or that seating an alternate juror deprived a defendant of a lawfully constituted jury, even the erroneous replacement of a juror is harmless. *See, e.g.*, *Hill v. State*, 475 S.W.3d 407, 409 (Tex. App.—Houston [14th Dist.] 2015, pet. ref'd); *Sneed*, 209 S.W.3d at 788. It is the appellant's burden to show that his substantial rights have been affected. *See Merritt v. State*, 982 S.W.2d 634, 637 (Tex. App.—Houston [1st Dist.] 1998, pet. ref'd, untimely filed). Harrison has not argued, and the record does not show, that he was deprived of a lawfully constituted jury or that any of his substantial rights were affected.[2] *See Hill*, 475 S.W.3d at 409. The alternate juror heard the case and the court's charge, was placed on the jury prior to a verdict being reached, and had the same functions and powers as any other juror. Accordingly, the record does not support a showing of harm. *See Whitehead*, 437 S.W.3d at 556;

---

[2] Harrison did not argue any harm from the substitution of a juror in his motion for new trial. On appeal he makes only the conclusory argument that the guilty verdict "clearly" demonstrated harm resulting from the substitution.

*Ponce*, 68 S.W.3d at 722; *see also* Tex. R. App. P. 44.2(b) (any non-constitutional error, defect, irregularity, or variance that does not affect substantial rights must be disregarded).

We overrule Harrison's issue, and we affirm the judgments of the trial court.

AFFIRMED.

_____
LEANNE JOHNSON
Justice

Submitted on July 11, 2017
Opinion Delivered August 2, 2017
Do Not Publish

Before Kreger, Horton, and Johnson, JJ.