

In The
Court of Appeals
Seventh District of Texas at Amarillo

———————————

No. 07-24-00242-CV

———————————

IN RE: THE COMMITMENT OF NATHANIEL KEITH BENSON

On Appeal from the 320th District Court
Potter County, Texas
Trial Court No. 111571-D-CV, Honorable Steven Denny, Presiding

May 15, 2025

MEMORANDUM OPINION

Before QUINN, C.J., and DOSS and YARBROUGH, JJ.

Appellant Nathaniel Keith Benson appeals an order of commitment following a judgment adjudicating him as a sexually violent predator. *See* TEX. HEALTH & SAFETY CODE ANN. § 841.081. In his sole issue, Benson argues the trial court erred when it replaced a juror with an alternate who had already been released from her oath. We affirm.

**Background**

The State of Texas filed a petition seeking to have Benson adjudicated as a sexually violent predator and civilly committed pursuant to Chapter 841 of the Texas

Health and Safety Code.  *See id.* § 841.001.  The petition alleged that Benson had been finally convicted of two predicate offenses—indecency with a child by contact[1]—for which he was incarcerated.  The State further alleged he met the definition of a sexually violent predator.  TEX. HEALTH & SAFETY CODE ANN. § 841.003(a) (defining a sexually violent predator as a person who "is a repeat sexually violent offender" and "suffers from a behavioral abnormality that makes the person likely to engage in a predatory act of sexual violence").

The matter proceeded to a jury trial.  After reading the charge, the trial court released the alternate juror at 5:15 p.m., and the jury began deliberations.  Fifteen minutes later, the court reconvened to announce that a series of events had occurred:

- One juror was discovered to have a felony warrant for aggravated assault and was taken into custody;

- The alternate juror, who had not yet left the building, was retrieved and replaced the detained juror; and

- The reconstituted jury had reached a verdict.

Benson objected and moved for a mistrial, arguing, "We don't know when the alternate went in there . . . whether or not that alternate had sufficient insight into the deliberation."  Pointing out the short lapse of time from when the alternate juror was reappointed to the verdict, Benson's counsel argued the alternate juror did not participate in deliberations and "missed some discussion from the other jurors."

---

[1] *See* TEX. PENAL CODE ANN. § 21.11(a)(1).

2

The trial court overruled Benson's motion for mistral, noting there was no evidence the alternate juror failed to participate in the deliberations. The presiding juror confirmed that the jury's verdict was unanimous, as did subsequent polling of the jurors. The trial court accepted the jury's verdict and rendered its final judgment and order of commitment. This appeal followed.

**Analysis**

A person adjudicated as a sexually violent predator shall be civilly committed for treatment and supervision. TEX. HEALTH & SAFETY CODE ANN. § 841.003. Jury verdicts in these cases must be unanimous. *Id.* § 841.062(b). However, ten or eleven jurors may render a verdict if members are dismissed with no alternate available. *Id.* In such cases, the remaining jurors must sign the verdict. *Id.* The State must prove beyond reasonable doubt that a person is a sexually violent predator. *Id.* § 841.062(a).

Benson contends the trial court erred by substituting an alternate juror who had been released from her oath instead of granting a mistrial. "A mistrial is an appropriate remedy only in 'extreme circumstances' for 'a narrow class of highly prejudicial and incurable errors.'" *In re R.V.*, No. 07-19-00326-CV, 2020 Tex. App. LEXIS 1504, at *5 (Tex. App.—Amarillo Feb. 21, 2020, pet. denied) (mem. op.) (cleaned up). We review denial of a mistrial for abuse of discretion. *Bituminous Cas. Corp. v. Cleveland*, 223 S.W.3d 485, 490 (Tex. App.—Amarillo 2006, no pet.). Generally, the appellant bears the burden to bring forth a sufficient record showing error necessitating reversal. *Washer v. City of Borger*, No. 07-16-00413-CV, 2018 Tex. App. LEXIS 5929, at *11 (Tex. App.—Amarillo July 31, 2018, no pet.) (mem. op.).

3

Benson's first argument challenges the trial court's disqualification of the original juror, noting the record is silent about how the court learned of the warrant, whether the charge was a felony by indictment, and the legal basis for finding the juror "unavailable." However, this very absence of information prevents us from determining whether the court erred. *See Washer*, 2018 Tex. App. LEXIS 5929, at *12. Absent information in the record that the original juror was not under indictment for a felony, we cannot say the court erred. *See id.*

Benson's second argument presents a similar hurdle. He notes that within fifteen minutes, the alternate juror left, a deliberating juror was detained, the court declared that juror unavailable, the alternate was retrieved and seated, and the jury reached a verdict— all off the record. Yet because these events were not documented, we cannot determine how long the jury deliberated with either juror composition or agree with Benson's contention that the alternate lacked adequate time to meaningfully deliberate. *See id. See also In re Commitment of Jones*, 602 S.W.3d 908, 915 (Tex. 2020) ("[B]ecause the jury ultimately voted unanimously for a 'yes' verdict, we must presume, for the purpose of our harm analysis regarding the erroneous instruction, that the jurors voted the way they did because it was their conscientious conviction.").

Benson's reliance on criminal cases[2] is misplaced. In *Cook v. State,*[3] the Court of Criminal Appeals found error when a trial court reconvened a discharged jury for a second deliberation after the jury had returned its verdict and the court had already formally

---

[2] Civil commitment cases are governed by the civil rules for trial and appeals. TEX. HEALTH & SAFETY CODE ANN. § 841.146(b); *In re Commitment of Jones*, 602 S.W.3d 908, 911 (Tex. 2020).

[3] 390 S.W.3d 363, 366–67 (Tex. Crim. App. 2013).

4

imposed the sentence on the defendant. 390 S.W.3d at 370–71. The court emphasized that once "a valid sentence is pronounced by a trial court, generally, it is accorded a measure of finality." *Id.* at 372 (citing TEX. R. APP. P. 43.3). Unlike *Cook*, where the "fat lady had sung" and "the trial was over" before jury deliberations began again, the present case involves substituting an alternate juror during the initial deliberation process. Moreover, unlike *Cook*, this is not a case where dismissed jurors "obviously" talked with one another before reassembling to deliberate again. The record here contains no evidence that the alternate juror was subjected to any outside influence during the brief period after being released. *Id.* at 370. The opinion's comment that "a lot of conversation can occur in seven minutes" was therefore merely *dicta*, not the basis for its decision. *Id*.

Benson also misplaces reliance on *Hill v. State*, where a trial court sua sponte discharged a juror and replaced her with an alternate during deliberations. 475 S.W.3d 407, 408 (Tex. App.—Houston [14th Dist.] 2015, pet. ref'd). The Fourteenth Court held the trial court erred by dismissing a juror who was not a county resident because such a qualification could be waived and neither party objected to her continued service. *Id.* However, the court held this error was not reversible because the jury remained properly constituted—the alternate "was subjected to the same selection process, was properly sworn, and heard all of the evidence." *Id.* at 409.

Benson argues that because the trial court here did not instruct the jury to restart deliberations as in *Hill* (where the judge directed jurors to "start over with your deliberations . . . to bring [the alternate] up to speed"), he "was deprived of a fair trial by not having the alternate juror participate in the deliberations in any meaningful way."

5

However, the *Hill* court never held that such an instruction was necessary to protect the defendant's rights. *See id.* We conclude that the trial court did not err in its substitution.

Even if we assume the trial court erred, we hold that Benson suffered no harm. Error in a civil case is only reversible if it probably caused an improper verdict or prevented the appellant from properly presenting the case on appeal. TEX. R. APP. P. 44.1(a). When reviewing for harm, we examine the entire record to assess whether any error likely led to an improper judgment. *In re Commitment of Jones*, 602 S.W.3d at 914.

As noted above, Texas Health and Safety Code § 481.062(b) expressly permits fewer than twelve jurors to determine that someone is a sexually violent predator, provided the verdict is unanimous. *See* TEX. HEALTH & SAFETY CODE ANN. § 481.062(a), (b). Here, the record shows a unanimous verdict, confirmed when Benson polled each juror individually. Benson does not allege jury misconduct or improper influence. *See, e.g., In re Health Care Unlimited, Inc.,* 429 S.W.3d 600, 602 (Tex. 2014) (outlining the requirements for a new trial based on jury misconduct). Because the twelve-member jury (including the alternate) reached a unanimous verdict, the outcome would have remained valid even if the alternate had been excluded, as the Health and Safety Code permits verdicts from eleven unanimous jurors.[4] *See* TEX. HEALTH & SAFETY CODE ANN. § 481.062(a), (b). Accordingly, the record reflects that Benson was not harmed by the alternate juror's inclusion. *See* TEX. R. APP. P. 44.1(a).

---

[4] In his reply brief, Benson argues that a verdict by fewer than twelve jurors must be signed by each juror. However, this argument was not raised in his initial brief. *See Hampton v. Equity Tr. Co.*, 607 S.W.3d 1, 6 (Tex. App.—Austin 2020, pet. denied) ("Our procedural rules do not allow an appellant to include in a reply brief a new issue in response to some matter pointed out in the appellee's brief but not raised by appellant's original brief.") (cleaned up).

Benson also claims he was prevented from presenting his case on appeal, but nothing in the record suggests the trial court hindered his ability to develop the record. *See, e.g.*, *Ford Motor Co. v. Castillo*, 279 S.W.3d 656, 667 (Tex. 2009) (holding that the trial court's refusal to allow questioning of the presiding juror under oath prevented proper development of the record for appeal). Benson was not harmed by the alternate juror's inclusion. *See* TEX. R. APP. P. 44.1(a). Benson's sole issue is overruled.

**Conclusion**

We affirm the trial court's final judgment and order of commitment.


Lawrence M. Doss
Justice
