

# IN THE COURT OF CRIMINAL APPEALS
# OF TEXAS

### NO. PD-0442-11

**COURTNEY JAY SCALES, Appellant**

**v.**

**THE STATE OF TEXAS**

### ON STATE'S MOTION FOR REHEARING
### FROM THE FIRST COURT OF APPEALS
### HARRIS COUNTY

JOHNSON, J., delivered the opinion of the Court in which KELLER, P.J., PRICE, WOMACK, KEASLER, HERVEY, and COCHRAN, JJ., joined. MEYERS, J., dissented. ALCALA, J., did not participate.

### O P I N I O N

The state has filed a motion for rehearing. We withdraw our opinion on original submission, substitute this opinion, and deny the state's motion for rehearing. Appellant was charged with aggravated robbery with a deadly weapon. TEX. PENAL CODE § 29.03(2). During a recess in jury deliberations on the second day of appellant's trial, the jury foreman sent a note to the trial judge stating, "We have one juror who refuses to deliberate this case any further nor take the facts,

testimony, of this case into account. I request she be removed from the jury."[1] After questioning the foreman about the juror's actions, the trial judge indicated an intent to dismiss the juror, Regina Collins, and seat an alternate. Defense counsel requested that the trial judge question the recalcitrant juror directly, which the trial judge refused to do. Instead, the trial judge again questioned the foreman about Collins's issues and, finding the foreman credible, dismissed Collins over defense counsel's objection and seated an alternate. Within half an hour of replacing Collins, the jury reached a verdict. It later assessed appellant's punishment at 20 years' confinement.

Appellant appealed, arguing that the trial court abused its discretion in removing Collins and that appellant was denied effective assistance of counsel because trial counsel failed to question the dismissed juror or move for a mistrial after the dismissal. The court of appeals reversed the judgment of the trial judge and remanded the case for a new trial.[2]

The state timely filed a motion for rehearing, which the court of appeals denied. The state then filed a petition for discretionary review. The court of appeals withdrew its original opinion pursuant to Texas Rule of Appellate Procedure 50 and issued a revised memorandum opinion with the same results as its original opinion.[3] The state then filed a second petition for discretionary review, and this Court granted two of the state's three grounds for review.

> (1) Did the court of appeals err in affording the trial court no discretion in relying upon a jury foreman's testimony to support the showing of another juror's disability, and instead requiring the testimony of the dismissed juror?

---

[1] IV R.R. at 6.

[2] *Scales v. State*, No. 01-08-00932-CR, slip op. at 7, 2010 Tex. App. LEXIS 10154 (Tex. App.—Houston [1st Dist.] Dec. 20, 2010) (mem. op., not designated for publication).

[3] *Scales v. State*, No. 01-08-00932-CR, 2011 Tex. App. LEXIS 2864 (Tex. App.—Houston [1st Dist.] April 14, 2011) (mem. op., not designated for publication), reissued pursuant to Tex. R. App. P. 50.

(2) When confronted with an alleged violation of article 33.011,[4] did the court of appeals err in applying a constitutional harm analysis in disregard of binding precedent from this Court?

After review, we find that the court of appeals correctly held that Collins was not "disabled" as defined in Art. 33.011. Even using the standard set out in Rule 44.2(b), we find that the error is reversible and affirm the judgment of the court of appeals.

## The Court of Appeals's Opinion

On appeal, appellant argued that the trial judge abused his discretion in dismissing Collins because she had participated in deliberations and because the foreman's testimony indicated that, rather than simply refusing to deliberate, she had reached a decision contrary to her fellow jurors and held her ground. Therefore, her dismissal was based upon her view of the sufficiency of the evidence and deprived appellant of his constitutional right to a unanimous jury verdict.

The court of appeals found that the trial record was insufficient to determine whether Collins was unable to serve or disqualified[5] from serving on the jury and held that the trial court abused its discretion in dismissing Collins.[6] The court of appeals also found that "the foreman's testimony was sufficient to demonstrate that there was—at the very least—a reasonable possibility that his request to remove Collins was due to Collins's view of the merits of the case."[7] The court of appeals pointed to specific excerpts from the foreman's testimony to support its conclusion that Collins's refusal to

---

[4] Referring to TEX. CODE CRIM. PROC. art. 33.011.

[5] TEX. CODE CRIM. PROC. art. 33.011(b) (a judge may seat an alternate juror to "replace jurors who, prior to the time the jury renders a verdict on the guilt or innocence of the defendant and, if applicable, the amount of punishment, become or are found to be unable or disqualified to perform their duties.").

[6] *Scales v. State*, 2011 Tex. App. LEXIS 2864, at *5.

[7] *Id.*

deliberate could have been due to her views of the evidence, thus that dismissal was in error. The court of appeals found that, because this error deprived appellant of his constitutional right to a unanimous jury, it must be subjected to a constitutional harm analysis under Texas Rule of Appellate Procedure 44.2(a). After applying this constitutional harm standard, the court of appeals held that the erroneous removal may have contributed to appellant's conviction and reversed the judgment of the trial court.

In its petition for discretionary review, the state argues that the court of appeals failed to correctly apply the abuse of discretion standard when it ignored evidence that supported the trial court's dismissal of a juror, as well as the trial court's determination of the credibility of a testifying juror. Instead, the state contends, the court of appeals considered only the contradicting evidence in the record to support its conclusion and discounted the testimony of the foreman that established that the dismissed juror was unable to deliberate and would not participate, not that she personally had reached a verdict that was contrary to the verdict reached by the other jurors and would not change her mind. The state asserts that the foreman's testimony showed an actual inability on the part of Collins to perform the functions of a juror and supported the trial court's decision to dismiss her. Alternatively, even had the trial court erred by dismissing Collins, any error was statutory and not constitutional. Therefore, the state reasons, the court of appeals should not have conducted a constitutional harm analysis and instead should have used a non-constitutional harm analysis.

**Standard of Review**

Article 33.011(a) of the Texas Code of Criminal Procedure states that, in a district court, a judge may impanel up to four additional jurors to sit as alternates. Section (b) states that, before a jury renders a verdict regarding a defendant's guilt or innocence, or assesses a punishment when

applicable, alternate jurors "shall replace jurors who . . . become or are found to be unable or disqualified to perform their duties or are found by the court on agreement of the parties to have good cause for not performing their duties." TEX. CODE CRIM. PROC. art. 33.011(b). The trial court has discretion to determine whether a juror has become disabled and to seat an alternate juror.[8] This Court has interpreted Article 36.29 to require that a disabled juror suffer from a "'physical illness, mental condition, or emotional state that would hinder or inhibit the juror from performing his or her duties as a juror,' or that the juror was suffering from a condition that inhibited him from 'fully and fairly performing the functions of a juror.'"[9] When dismissing a juror, the trial court must not dismiss a juror for reasons related to that juror's evaluation of the sufficiency of the evidence.[10]

While the trial court is the sole fact-finder and judge of the credibility of the testifying jurors, the trial court's decision is subject to a review for abuse of discretion. Absent such an abuse, no reversible error will be found.[11] Therefore, in order to support its judgment, the trial court must make a finding, sufficiently supported by the record, that the juror was disqualified or unable to perform the duties of a juror.[12] When reviewing the dismissal of a juror, an appellate court may not

---

[8] *See* TEX. CODE CRIM. PROC. art. 36.29.

[9] *Valdez v. State*, 952 S.W.2d 622, 624 (Tex. App.—Houston [14th Dist.] 1997, writ ref'd) (quoting *Landrum v. State*, 788 S.W.2d 577, 579 (Tex. Crim. App. 1990) and *Griffin v. State*, 486 S.W.2d 948, 951 (Tex. Crim. App. 1972)); *see Ramos v. State*, 934 S.W.2d 358, 369 (Tex. Crim. App. 1996), *cert. denied*, 117 S. Ct. 1156 (1997).

[10] *See United States v. Edwards*, 303 F.3d 606, 633 (5th Cir. 2002) (citing *United States v. Symington*, 195 F.3d 1080 (9th Cir. 1999); *United States v. Thomas*, 116 F.3d 606, 623 (2d Cir. 1997); *United States v. Brown*, 823 F.2d 591, 596 (D.C. Cir. 1987)).

[11] *See Brooks v. State*, 990 S.W.2d 278, 286 (Tex. Crim. App. 1999).

[12] *See* TEX. CODE CRIM. PROC. art. 33.011; *see also Beaumont Bank, N.A. v. Buller*, 806 S.W.2d 223, 226 (Tex. 1991).

presume from a silent record that the dismissal was proper.[13] However, neither is it the role of an appellate court to substitute its own judgment for that of the trial court, but rather, to assess whether, after viewing the evidence in the light most favorable to the trial court's ruling, the ruling was arbitrary or unreasonable.[14] The ruling must be upheld if it is within the zone of reasonable disagreement.[15]

In its first ground for review, the state correctly points out that the court of appeals relied heavily on the fact that the "only testimony presented to the trial court was that of the jury foreman—the person requesting Collins's removal."[16] In holding that the trial court abused its discretion by dismissing Collins, the court of appeals emphasized that,"[h]ad the trial court questioned Collins on the record prior to her dismissal, as appellant's counsel suggested, the judge likely would have been able to gather a sufficient amount of evidence which would have enabled him to determine whether Collins was actually unable to serve or disqualified from serving under the statute."[17]

Although the court of appeals questioned the trial judge's decision not to interview Collins, it did not hold that testimony from the dismissed juror is required. It also correctly noted that the trial court's decision was not based on a silent record, but rather on two exchanges between the trial court

---

[13] *Valdez v. State*, 952 S.W.2d at 624.

[14] *Lewis v. State*, 911 S.W.2d 1, 7 (Tex. Crim. App. 1995); *see also Ocon v. State*, 284 S.W.3d 880, 884 (Tex. Crim. App. 2009).

[15] *Ocon*, 284 S.W.3d at 884.

[16] *Scales v. State*, No. 01-08-00932-CR, 2011 Tex. App. LEXIS at *4.

[17] *Id.*, at *5 (comparing *Hodge v. State*, 896 S.W.2d 340, 342-43 (Tex. App.—Amarillo 1995, pet. ref'd) (trial court's questioning of juror who was concerned about his mastery of English language showed juror was not subject to disqualification under literacy requirements)).

and the foreman.

The court of appeals pointed out that, in those exchanges, "[t]he foreman admitted that Collins, who had 'taken the facts and law into account and made up her mind,' was impeding the deliberative process by refusing to "talk about *her side* of the case" and refusing to take the testimony relied upon by the other jurors into consideration."[18]

### The Foreman's Testimony

After receiving the jury foreman's note, the trial court questioned him in open court.

THE COURT: Is this juror refusing to deliberate or has she taken the facts and the law into account and made up her mind one way or another or is she refusing to take the facts and the law into account?

[JURY FOREMAN]: It's both, sir.

THE COURT: She's refusing to take the law and the facts into account?

[JURY FOREMAN]: I asked her twice. She will not talk about the facts of the case as we perceived during testimony. She will not talk about her side of the case. She just won't say anything. I said, we have to deliberate. That's the process we have to go through.

THE COURT: And has she told you she refuses to deliberate?

[JURY FOREMAN]: On three times, sir.[19]

The trial judge excused the jury foreman and indicated that he intended to remove Collins from the jury. Defense counsel then addressed the trial court.

Before the Court makes its ruling, I guess the concern I have here is whether or not the juror is being put in a position to feel like she's being forced by the other jurors

---

[18] This Court has never required that a trial judge speak with a juror before determining that the juror is disabled. Best practices indicate that such a conversation on the record assists appellate courts in reviewing the sufficiency of the evidence supporting the dismissal, but the failure to do so—even when the juror is available to testify—is not a *per se* abuse of discretion.

[19] IV R.R. at 6-7.

to reach a decision that's consistent with the other jurors. Each juror deliberates independent, obviously, considers the facts as they see them. And I guess my concern is whether or not she has made up her mind as to what she thinks should be the appropriate verdict and she did not want to hear any more from the rest of them, which is not the same thing as refusing to deliberate.[20]

Defense counsel asked the trial court to question Collins directly so that she could state for herself the reasons she "refused to deliberate," but the trial court refused and instead brought the foreman back into the courtroom for additional questioning about Collins's motivations.

THE COURT: And her lack of deliberation is not based on some decision she has made except for the fact she will not deliberate any further; she will not be part of it?

[JURY FOREMAN]: That's correct.

THE COURT: You have spoken with her about this several times, I take it?

[JURY FOREMAN]: Three times in front of everyone.

THE COURT: And she refuses to take the facts of this case, the evidence, twice we've had read back, obviously, did she refuse to take any of that into account?

[JURY FOREMAN]: That's correct.

. . .

THE COURT: And she will not take any evidence into consideration?

[JURY FOREMAN]: From the read backs, no, sir. The testimony we take as fact, and she is not taking any of that into consideration.[21]

The foreman's testimony may be understood to indicate either that Collins had reached a decision about the verdict that was not in accord with the decision of the rest of the jurors and did not want to change her mind or that she had not made up her mind and simply refused to participate

---

[20] IV R.R. at 8-9.

[21] IV R.R. at 12-14.

in deliberation. However, his testimony is internally inconsistent. He testified that she "just won't say anything," yet when the trial judge asked, "And her lack of deliberation is not based on some decision she has made except for the fact she will not deliberate any further; she will not be part of it?" he said, "That's correct,"[22] thus indicating that he knew why Collins was refusing to deliberate even though she had not revealed her reasons. And that testimony is also inconsistent with his testimony during the first exchange with the trial court, in which he agreed that she had made up her mind about the verdict.

> THE COURT: Is this juror refusing to deliberate or has she taken the facts and the law into account and made up her mind one way or another or is she refusing to take the facts and the law into account?
>
> [JURY FOREMAN]: It's both, sir.[23]

The foreman twice testified as to what "we" did in a context that indicates that "we" is the eleven jurors other than Collins. The foreman's statement that both reasons named by the trial court applied, combined with his statement that "[s]he will not talk about the facts of the case as we perceived during testimony,"[24] at least tends to show that Collins's perceptions about the evidence were not shared by the other eleven jurors, that she did not agree with the other eleven that the contents of the read backs were "fact," that she had made a decision about what the evidence proved, and that her refusal to deliberate was actually a refusal to change her mind. That possibility was not explored before the trial court removed Collins from the jury. We find that the trial court had insufficient information from which to determine that Collins was not able to perform her duties as

---

[22] IV R.R. at 12.

[23] IV R.R. at 6-7.

[24] IV R.R. at 7.

a juror. The trial court erred when it replaced Collins with an alternate without ascertaining Collins's reasons for "not deliberating."

## Violation of Article 33.011

For the purposes of this opinion, we will assume, without deciding, that the court of appeals erroneously held that the error was a violation of appellant's constitutional right to a unanimous jury and must therefore be "subject to analysis under Texas Rule of Appellate Procedure 44.2(a)." The state urges this Court to hold that any error was statutory in nature[25] and must therefore be analyzed under Texas Rule of Appellate Procedure 44.2(b): "Rule 44.2. Reversible Error in Criminal Cases . . . *(b) Other errors*. Any other error, defect, irregularity, or variance that does not affect substantial rights must be disregarded." The issue now becomes whether the error "affected" a substantial right.

"A substantial right is affected when the error had a substantial and injurious effect or influence in determining the jury's verdict." *King v. State*, 953 S.W.2d 266, 271 (Tex. Crim. App. 1997) (citing *Kotteakos v. United States*, 328 U.S. 750, 776 (1946)). The record reflects that the original jury panel was seemingly deadlocked at 11-1 for conviction. If the jury had been allowed to continue deliberating, the impasse may have been resolved or the trial court may have declared a mistrial because of a hung jury.[26] The first would have produced a verdict. The second would possibly have resulted in a retrial. Because of the error, neither possibility was allowed to occur. Given the record before us, the dissenting juror had found the evidence insufficient to prove appellant's guilt beyond a reasonable doubt and was holding to her conclusion, making a hung jury

---

[25] "Constitutional" versus "statutory" error has become a convenient shorthand for "constitutional" versus "non-constitutional." We do not find a statutory right to a verdict from the first trier of fact in Texas statutes, but we do find such a right in binding federal law. *See, e.g., United States v. Scott*, 437 U.S. 82 (1978).

[26] TEX. CODE CRIM. PROC. art. 36.31 Disagreement of Jury.

the more probable of the possible outcomes. As soon as she was replaced, the jury returned a guilty verdict, clearly demonstrating that the erroneous removal had "a substantial and injurious influence in determining the jury's verdict." *Id.* Therefore, the error affected a substantial right and is reversible error.

## Conclusion

Using the standard found in Rule of Appellate Procedure 44.2(b), we find that appellant's substantial rights were violated by the improper removal of the dissenting juror and may not be disregarded. We affirm the judgment of the court of appeals.

Delivered: October 10, 2012
Publish