ACCEPTED
04-12-00108-CV
FOURTH COURT OF APPEALS
SAN ANTONIO, TEXAS
9/14/2015 4:50:36 PM
KEITH HOTTLE
CLERK

NO. 04-12-00108-CV

In the Court of Appeals for the
Fourth Supreme Judicial District
Sitting in San Antonio, Texas

FILED IN
4th COURT OF APPEALS
SAN ANTONIO, TEXAS

09/14/15 4:50:36 PM

KEITH E. HOTTLE
Clerk

IN THE INTEREST OF M.G.N. AND A.C.N.,
MINOR CHILDREN

On Appeal from the 57th Judicial District Court
of Bexar County, Texas
Trial Court No. 2008-CI-17947
Honorable Antonia Arteaga, Judge Presiding

## APPELLANT'S REPLY TO
## APPELLEE'S RESPONSE TO MOTION FOR REHEARING

TO THE HONORABLE FOURTH COURT OF APPEALS:

Appellee Monica Noyes's reply is short on substance and record references, but long on misstatements and unsupported assertions, among them:

- George has not, as Monica insinuates, "abandoned" any of his arguments. He has merely focused on certain points for purposes of his motion for rehearing.

- George's "view of the evidence" argument is not new; it is part of the no-bias argument he has made all along. Monica purports to make a distinction between "viewing" and "evaluating" the evidence, but they are the same. In fact, *Scales v. State*, to which she refers, uses the term "view." 380 S.W.3d 780, 782 (Tex. Crim. App. 2012) ("[H]er dismissal was based upon her view of the

sufficiency of the evidence and deprived appellant of his constitutional right to a unanimous jury verdict.").

- Juror Turney did not "advocate" his personal opinion to anyone; he simply stated that he held that opinion after hearing the evidence from Monica's counsel. *7 RR 5-6, 10.*

- Monica continues to repeat her assertion that Juror Turney was "intent on introducing inadmissible evidence of his own views" and "poisoning the panel," but she does not cite any evidence to support this. That is because the evidence shows the opposite: Juror Turney did not share his opinion with any other jurors; after forming that opinion, he approached only the bailiff. *7 RR 5-6.* Mr. Turney also specifically stated that he would not share his opinion with the other jurors without the trial court's permission. *7 RR 10.* The judge later instructed him not to do so, and there is no evidence to rebut the presumption that he followed those instructions. *Golden Eagle Archery, Inc. v. Jackson*, 116 S.W.3d 757, 771 (Tex. 2003) (noting that "unless the record demonstrates otherwise, an appellate court must presume" that jurors followed the trial court's instructions).

- Furthermore, the trial judge did not make any finding that Juror Turney intended to violate her instruction or that he intended to "poison" the minds of the other jurors by rebutting Monica's attorney's false and irrelevant insinuations. *CR 52-59.* Therefore, Monica is precluded from making this claim on appeal. *Hill v. Hill*, 971 S.W.2d 153, 156 (Tex. App.—Amarillo 1998, no pet.) ("[O]nce findings are entered, they serve to 'form the basis of the judgment upon all grounds of recovery and of defense embraced therein.' … In other words, one waives (for appellate purposes) a theory of recovery or defense unless the proponent of the theory secures a finding on the theory or an element of the theory.") (quoting TEX. R. CIV. P. 299).

- George did not ignore the standard of giving deference to the judge's ruling; he merely referred to facts that displace

that deference, which, in any event, does not extend to endorsing mere speculation to deprive a party of his constitutional right to a fair trial.

- Monica makes the general assertion that there is evidence supporting the judge's ruling, but she does not back up that claim with any record references. *See* TEX. R. APP. P. 38.1(i) (requiring an appellant to support assertions with specific record references).

- The "third bench trial" on attorney's fees to which Monica refers was not the third trial, but the second trial. Furthermore, it was a new trial, and Monica cites no authority in support of her assertion that objections must be made at previous trials to preserve error after those previous trials were erased by a new trial. *See* TEX. R. APP. P. 38.1(i).

- Monica asserts that, unlike the parties in *Ernst* and *O'Farrill*, George did not timely object to the lack of segregation of attorneys' fees. But she misstates the facts of those cases:  in both *Ernst* and *O'Farrill*, the appellant waived error by not filing a post-verdict motion. *In re Ernst*, No. 04-10-00319-CV, 2011 WL 192654, at *3 (Tex. App.—San Antonio Jan. 12, 2011, no pet.) (mem. op.); *O'Farrill v. Gonzales*, 974 S.W.2d 237, 249-50 (Tex. App.—San Antonio 1998, pet. denied). Unlike those appellants, however, George filed a post-verdict motion for a new trial following both attorneys'-fees bench trials.

In addition to the substantive reasons for reversal, there is an important policy consideration: to allow a trial court to dismiss a juror who has caught the opposing party's attorney's misrepresenting the facts to create a false impression would be to reward, rather than discourage, unfair trial tactics and would further the public's  unfavorable perception of the legal profession.

For these reasons, as well as those set forth in George's motion for rehearing, George renews his request that this court grant his motion and all relief to which he is entitled.

Respectfully submitted,

/s/ James N. Higdon
JAMES N. HIGDON
State Bar No. 09590500
HIGDON, HARDY & ZUFLACHT, L.L.P.
12000 Huebner Road, Suite 200
San Antonio, Texas 78230-1210
Telephone: (210) 349-9933
Telecopier: (210) 349-9988
Email: jnhigdon@hhzlaw.com

ATTORNEYS FOR APPELLANT
GEORGE C. NOYES

## CERTIFICATE OF COMPLIANCE

Appellant certifies that the number of words in this Reply to Response to Motion for Rehearing, including its headings, footnotes, and quotations, is: **770**.

/s/ James N. Higdon
JAMES N. HIGDON

## CERTIFICATE OF SERVICE

I certify that a true copy of the foregoing Respondent's Brief on Remand was served on Oscar L. Cantu, Jr., attorney for Petitioner, in accordance with the Texas Rules of Appellate Procedure on August 13, 2015.

/s/ James N. Higdon
JAMES N. HIGDON