**AFFIRM; Opinion Filed July 6, 2018.**



In The

# Court of Appeals
# Fifth District of Texas at Dallas

### No. 05-17-00218-CR

**ADAM GABRIEL QUIROS, Appellant**
**V.**
**THE STATE OF TEXAS, Appellee**

**On Appeal from the 282nd Judicial District Court**
**Dallas County, Texas**
**Trial Court Cause No. F15-21740-S**

## MEMORANDUM OPINION
Before Justices Lang-Miers, Evans, and Schenck
Opinion by Justice Schenck

Adam Gabriel Quiros appeals his conviction for the second degree felony offense of intoxication manslaughter. In a single issue, appellant urges the trial court erred by dismissing a sworn and impaneled juror and replacing the dismissed juror with an alternate juror. We affirm the trial court's judgment. TEX. R. APP. P. 47.4.

### BACKGROUND

Late in the evening of March 20, 2015, appellant was driving a car that was involved in a collision that resulted in the death of a passenger in the second car. Appellant was indicted for the second degree felony offense of intoxication manslaughter. The indictment also alleged that appellant used a deadly weapon, to wit: a motor vehicle during the commission of the offense. Appellant entered a plea of not guilty, and his case proceeded to trial. The jury found appellant

guilty of the offense charged, made an affirmative finding of the use of a deadly weapon, and assessed appellant's punishment at four year's confinement in the penitentiary.

**DISCUSSION**

In his sole issue on appeal, appellant urges the trial court erred by dismissing a juror and replacing the dismissed juror with an alternate juror.

The trial court has the discretion to determine whether a juror has become "disabled" and to seat an alternative juror. *See* TEX. CODE CRIM. PROC. ANN. art. 36.29; *Scales v. State*, 380 S.W.3d 780, 783 (Tex. Crim. App. 2012). The code of criminal procedure provides for the seating of alternate jurors, before the jury renders a verdict regarding a defendant's guilt or innocence, where original jurors have "become or are found to be unable or disqualified to perform their duties." TEX. CODE CRIM. PROC. ANN. art. 33.011(b). We review the trial court's decision to replace a juror for abuse of discretion. *Scales*, 380 S.W.3d at 784.

The trial court conducted voir dire on February 7, 2017. That same day, the court seated and swore in twelve jurors and two alternate jurors and instructed them to return to court the following Monday, February 13, 2017. That Monday, before opening statements or any witness testimony, the court advised the parties:

> THE COURT: This morning Juror No. 43 called in and stated that they had a family emergency. So Juror No. 43 will not be present. And Juror No. 59 will now take a seat over in the juror box. That's the first alternate.
>
> . . . .
>
> THE COURT: Okay. Counsel, did you have any questions based on that?
>
> [DEFENSE COUNSEL]: Just as to whether, uh, Juror 43 is now, uh, been determined to be excluded from all further proceedings?
>
> THE COURT: Yes, because they can't miss a day of testimony. And that's why we picked two alternates, 'cause you just never know when somebody's gonna have a family emergency.
>
> [DEFENSE COUNSEL]: A much better practice than going with 12 and the defense having to potentially accept the verdict of 11.

–2–

On appeal, appellant argues the trial court erred in finding the juror was disabled because of "an unspecified family emergency," by making this determination outside the presence of appellant, and by failing to set forth the factual basis for making this determination. Appellant further complains the trial court did not elaborate on the way the emergency would impact the ability of the juror to attend trial or engage in full and fair participation in listening to the evidence and in participating in the jury's deliberations. Appellant also urges that even if the trial court properly determined the juror was disabled, the proper statutory remedy pursuant to the code of criminal procedure was to proceed with eleven jurors, instead of replacing the dismissed juror with an alternate juror. *See* TEX. CODE CRIM. PROC. ANN. art. 36.29(a) (providing that not less than twelve jurors can render and return a verdict in a felony case, but that if after the trial begins, a juror becomes disabled before the charge of the court is read to the jury, the remainder of the jury shall have the power to render the verdict).

To preserve this complaint for appeal, appellant was required to make a timely objection. *See* TEX. R. APP. P. 33.1; *Guajardo v. State*, 05-15-00365-CR, 2016 WL 1615609, at *4 (Tex. App.—Dallas Apr. 20, 2016, no pet.) (mem. op., not designated for publication) (appellant failed to timely object when on second day of trial, court began proceedings announcing alternate juror took place of original juror who "was feeling under the weather this morning"). As noted above, appellant failed to object to the trial court's actions in discharging a juror and seating an alternate juror at the time of trial, so he may not complain of them on appeal. *See id.* As for his complaint regarding article 36.29, appellant's defense counsel specifically stated that it was preferable to proceed with the alternate juror than "the defense having to potentially accept the verdict of 11." Thus, appellant not only failed to preserve this issue for appeal, but he affirmatively waived it. *See* TEX. R. APP. P. 33.1; *Webber v. State*, Nos. 05-03-00482-CR, 05-03-00483-CR, 05-03-01001-CR, 2004 WL 1232922, at *2 (Tex. App.—Dallas June 4, 2004, pet. ref'd) (mem. op., not designated

–3–

for publication) (holding appellant failed to preserve any error regarding trial court's determination juror was disabled where appellant failed to object at trial); *see also Holloway v. State*, 01-02-00646-CR, 2003 WL 1343214, at *2 (Tex. App.—Houston [1st Dist.] Mar. 20, 2003, no pet.) (holding appellant affirmatively waived any error after consenting to a trial with less than 12 jurors).

## CONCLUSION

We affirm the trial court's judgment.

/David J. Schenck/
DAVID J. SCHENCK
JUSTICE

DO NOT PUBLISH
Tex. R. App. P. 47
170218F.U05



# Court of Appeals
# Fifth District of Texas at Dallas

## JUDGMENT

ADAM GABRIEL QUIROS, Appellant

No. 05-17-00218-CR     V.

THE STATE OF TEXAS, Appellee

On Appeal from the 282nd Judicial District Court, Dallas County, Texas
Trial Court Cause No. F15-21740-S.
Opinion delivered by Justice Schenck, Justices Lang-Miers and Evans participating.

Based on the Court's opinion of this date, the judgment of the trial court is **AFFIRMED**.

Judgment entered this 6th day of July, 2018.