

# IN THE
# TENTH COURT OF APPEALS

### No. 10-17-00381-CR

**TORRANCE HABIT JOHNSON,**

                                             **Appellant**

 **v.**

**THE STATE OF TEXAS,**

                                             **Appellee**

---

**From the 82nd District Court**
**Robertson County, Texas**
**Trial Court No. 17-04-20454-CR**

---

## MEMORANDUM OPINION

---

A jury convicted Appellant Torrance Habit Johnson of unlawful possession of a firearm by a felon, and the trial court assessed his punishment at eight years' imprisonment. This appeal ensued. In his sole issue, Johnson contends that the trial court "improperly removed a sitting jury panel member during trial." The trial court's decision is subject to an abuse-of-discretion standard of review. *See Scales v. State*, 380 S.W.3d 780, 783-84 (Tex. Crim. App. 2012).

Following voir dire, the trial court called and impaneled twelve regular jurors and one alternate juror to sit in this case. At the beginning of the second day of trial, the following exchange then took place:

> THE COURT: The Bailiff . . . brought to the Court's attention that you [one of the regular jurors] had approached him this morning, before we began the trial testimony, regarding the fact that you now believe that you know the Defendant.
>
> . . . .
>
> JUROR . . . : Yes, sir.
>
> THE COURT: Okay. And I believe the attorneys asked you yesterday. You didn't raise your hand.
>
> JUROR . . . : No. I did not recognize him. It wasn't until we saw the video yesterday that I heard him talk and I kind of recognized and I kind of looked and I saw what was going on, but . . .
>
> THE COURT: Okay. You further indicated to the Bailiff, who communicated to the Court this morning, that you now have a problem sitting in the case; is that correct?
>
> JUROR . . . : Uh-huh. I don't want to be a judge or I don't want to judge what he might be guilty, not guilty, anything like that.
>
> THE COURT: All right. Do you feel like that now the fact that you do know him compromises your ability to be fair and impartial in this case?
>
> . . . .
>
> JUROR . . . : Yes, sir.
>
> THE COURT: Okay. Very good. All right.
>
> Okay. Anything?
>
> [Prosecutor]: I think she's disqualified.

THE COURT: Okay. All right. Thank you. I'm going to go ahead and excuse you. Thank you.

Did you talk to any other members of the jury?

JUROR . . . : No, sir.

THE COURT: Okay. Very good.

JUROR . . . : I just came to be honest, that's it.

THE COURT: And after you've thought about this, obviously it was on your mind - -

JUROR . . . : Uh-huh.

THE COURT: - - because you brought it to the Bailiff's attention this morning.

JUROR . . . : Uh-huh.

THE COURT: And, again, you believe that your knowledge of the Defendant keeps you from being fair and impartial in this case?

JUROR . . . : Yes, sir.

THE COURT: Okay. Very good. All right.

[Defense Counsel]: Could you have her wait? I want to ask her some questions, please, for record purposes.

THE COURT: Okay. If you would step outside in the hall.

(Juror . . . exits the courtroom.)

[Defense Counsel]: Judge, I know we can't interact with her, but my concern is that she didn't know him well enough to have recognized him when she came in the courtroom, which causes me some concern. And a juror is not unable to perform their duties just because they are now disinclined to do so.

She didn't raise any questions why she was unfair or impartial, just that because she thinks she might now know who he is, that she doesn't

want to. And I think that's more of just a disinclined to render or do her duties as opposed to not being able to fairly do them. I don't think she's excusable at this point. And I don't know that we have enough before the Court to know if it's just that she doesn't want to at this point.

THE COURT: No, she didn't say she didn't want to. I mean, I think . . . you're misinterpreting. You heard what I heard. She said she knows him and she can't be fair and impartial. I mean, I'm not - -

What else do you want me to ask?

[Defense Counsel]: I understand. I just - - what I heard, her first statement was that because she thinks she knows him, she doesn't want to - -

THE COURT: No, she doesn't think she knows him; she knows him. I mean, she said she knows him and she didn't recognize it till she saw the video yesterday.

So, I mean, the rule says where they are found to be unable or disqualified to perform their duties, and obviously she disqualified herself.

[Prosecutor]: Yes, Your Honor.

THE COURT: Is there any - - I will be glad to ask her any specific questions that y'all think are appropriate in this case, but . . .

[Prosecutor]: Again, Your Honor, the State asked if she knew the Defendant. She didn't raise her hand. And the reason we asked that question is to see if she could be fair and impartial.

THE COURT: And then she admitted that she did not raise her hand yesterday, because she said she didn't know him, she didn't think she knew him.

[Defense Counsel]: And I agree that she said that.

My concern is she didn't know him well enough to recognize him when she came in. I understand that she now thinks she knows him, but that doesn't mean she knows him that well. And there are - - my concern is just that it's more of a not wanting to be the judge of his actions as opposed to not, you know, giving both sides a fair and impartial trial, which is required to be fair and impartial to be a juror.

THE COURT: Well, that's why I asked her if she could be fair and impartial in this case, and she said no.

[Prosecutor]: Again, the questions were asked.

THE COURT: All right. If you will ask her to come in, please.

(Juror . . . reenters the courtroom.)

THE COURT: Okay, [Juror], thank you again for being here.

The Court's considered your explanation and everything. The Court is going to excuse you as a juror in this case.

. . . .

THE COURT: Anything else y'all need to bring to the Court's attention?

[Defense Counsel]: Judge, just . . .

THE COURT: Yeah, go ahead.

[Defense Counsel]: I would object to her being released as a juror.

THE COURT: Okay. I will note your objection.

[Defense Counsel]: We would request a mistrial at this point.

THE COURT: All right, motion for mistrial is denied.

At that point, the remaining eleven regular jurors and the alternate juror were brought into the courtroom. The trial court explained to them that the one juror had been excused and that the alternate juror would now serve as a regular juror. The trial then continued.

Johnson argues that the trial court improperly removed the juror from the jury in this case because Code of Criminal Procedure article 36.29 provides the trial court

authority only to remove a juror who becomes "disabled" and the juror in this instance was not disabled. *See* TEX. CODE CRIM. PROC. ANN. art. 36.29. This case, however, is not subject to the limitations of article 36.29 because this case is not a felony case in which less than twelve jurors rendered a verdict nor is this case a capital case in which the State sought the death penalty. *See id.* Instead, Code of Criminal Procedure article 33.011(b) applies in this case because it addresses when alternate jurors replace regular jurors. *See id.* art. 33.011(b).

Article 33.011(b) provides in relevant part:

> Alternate jurors in the order in which they are called shall replace jurors who, prior to the time the jury renders a verdict on the guilt or innocence of the defendant and, if applicable, the amount of punishment, become or are found to be unable or disqualified to perform their duties . . . .

*Id.* One basis for disqualification is that a juror has a bias or prejudice in favor of or against the defendant. *See id.* art. 35.16(a)(9); *Brown v. State*, 183 S.W.3d 728, 739 (Tex. App.—Houston [1st Dist.] 2005, pet. ref'd) ("Bases for disqualification can be found in article 35.16."); *see also Nikmanesh v. State*, No. 05-16-00363-CR, 2017 WL 2774445, at *9 (Tex. App.—Dallas Jun. 27, 2017, no pet.) (mem. op., not designated for publication).

Johnson contends that here, the excused juror did not indicate that she was biased in favor of or against him. Johnson argues, "The juror only stated a reluctance to sit in judgment." We disagree. The juror testified that knowing Johnson keeps her from being fair and impartial in this case. Based on this record, we therefore conclude that the trial court did not abuse its discretion by excusing the juror. *See Sosa v. State*, 769 S.W.2d 909, 918 (Tex. Crim. App. 1989); *Vaughn v. State*, 833 S.W.2d 180, 185 (Tex. App.—Dallas 1992,

pet. ref'd).  Accordingly, we overrule Johnson's sole issue and affirm the trial court's

judgment.



REX D. DAVIS
Justice

Before Chief Justice Gray,
     Justice Davis, and
     Justice Neill
Affirmed
Opinion delivered and filed December 31, 2019
Do not publish
[CR25]

