**Opinion filed March 26, 2020**



## In The

# Eleventh Court of Appeals

_____

## No. 11-18-00101-CR

_____

## LILLY ANN RODRIGUEZ, Appellant

## V.

## THE STATE OF TEXAS, Appellee

**On Appeal from the 441st District Court**
**Midland County, Texas**
**Trial Court Cause No. CR45948**

### M E M O R A N D U M   O P I N I O N

The jury convicted Lilly Ann Rodriguez of the offense of intentionally or knowingly causing bodily injury to a child. The trial court assessed Appellant's punishment at confinement for three years and a fine of $500. The trial court supended the imposition of the sentence and placed Appellant on community supervision for a period of four years. We affirm.

Appellant presents two issues on appeal. First, Appellant claims that the trial court erred when it dismissed one of the jurors on the second day of the trial and

proceeded with eleven jurors. Second, Appellant contends that she received ineffective assistance of counsel.

In August 2015, P.R., Appellant's minor child, walked to her friend's house. When Daisy Lerma, her friend's mother, answered the door, she asked P.R. what was wrong. P.R. was crying and said that her mother had hit her; Lerma noticed marks on P.R.'s body. Lerma gave P.R. an ice pack and called the police.

Officer Zackary Owens of the Midland Police Department was dispatched to Lerma's home "in regards to an outcry for an assault." Based on P.R.'s injuries and statements, Officer Owens concluded that an assault had occurred. P.R. had bruises and a scratch mark on the left side of her face, and she told Officer Owens that "her mother got physical with her and had hit her in the face with a closed fist."

Appellant realized that P.R. was missing and eventually went to Lerma's house. When she arrived, Officer Owens noticed that one of her hands was red and bore a scratch below a knuckle. He testified that the marks on Appellant's hand were consistent with the type of injury that a person would sustain from striking someone and with P.R.'s statement that she had been struck with a closed fist. Based on all the evidence, Officer Owens arrested Appellant for striking P.R. Prior to trial, P.R. recanted the allegation against her mother; P.R. claimed that she made up the abuse because she was mad that her mother had made her do chores.

In Appellant's first issue, she asserts that the trial court erred when it proceeded to try the case after it had dismissed a juror who was angry about serving.

At the end of the first day of trial, one of the jurors approached the bailiff and expressed frustration and unhappiness with his service as a juror in the case. On the second day of trial, the trial court addressed the issue with counsel:

> THE COURT: We reported yesterday afternoon that we -- after we adjourned that one of the jurors stopped . . . the bailiff[] and indicated that he thought we were wasting his time and that he didn't think much of this case, didn't have much merit, one way or the other.

2

I don't know -- I don't know which way he was leaning, but he apparently was not happy with his jury service yesterday.

[The bailiff] tells me this morning he came in and he was friendly . . . so I don't -- I don't know what to do with him. I can excuse him from the jury. I can leave him on and we'll just go on.

[PROSECUTOR]: Your Honor, . . . 12 is the statutory minimum, so unless there's some good reason to dismiss him, like tampering or something like that, then we have to leave him on, so --

THE COURT: I was under the impression that we could go forward with 11 if I made a finding that the juror that I'm excusing was no longer able to perform his duties either mentally or physically as a juror and I get the consent of the Defendant.

[DEFENSE COUNSEL]: Judge, if the Court would like to go with 11, you have our consent. We'll waive any appellate objection. I now defer to the State. Whichever makes them more comfortable will be fine with us.

THE COURT: I just don't know how to -- I mean, how to deal with the juror, because [the bailiff] reported to me yesterday he -- he could be spewing poison in that jury room, either way. I don't know which way he's leaning. It could be for the State. It could be for the Defendant.

[PROSECUTOR]: Your Honor, the State will defer to whatever decision that you make. If Defense is ready to go on with 11, we have no problem doing so.

After the trial court spoke with the juror, it excused him from jury service for the remainder of the trial. The trial then continued with the remaining eleven jurors.

Appellant now claims that the trial court abused its discretion because the juror was not disabled and because Appellant did not consent to proceed with less than twelve jurors. We cannot agree.

Article 36.29 of the Texas Code of Criminal Procedure provides, in relevant part, "after the trial of any felony case begins and a juror dies or, as determined by the judge, becomes disabled from sitting at any time before the charge of the court is read to the jury, the remainder of the jury shall have the power to render the verdict." TEX. CODE CRIM. PROC. ANN. art. 36.29(a) (West Supp. 2019). To be "disabled" under that provision, the juror must be physically, mentally, or emotionally impaired in such a way that would hinder or inhibit the juror's ability to serve. *Scales v. State*, 380 S.W.3d 780, 783 (Tex. Crim. App. 2012). We review a trial court's determination as to whether a juror is disabled for abuse of discretion. *Brooks v. State*, 990 S.W.2d 278, 286 (Tex. Crim. App. 1999).

Section 62.201 of the Texas Government Code provides: "The jury in a district court is composed of 12 persons, except that the parties may agree to try a particular case with fewer than 12 jurors." TEX. GOV'T CODE ANN. § 62.201 (West 2013); *see also Hatch v. State*, 958 S.W.2d 813 (Tex. Crim. App. 1997) (holding that Section 62.201 applies both to criminal and to civil cases).

Thus, a trial can proceed with eleven jurors in two instances. First, the trial can continue if a juror dies or becomes disabled before the court's charge is read to the jury, regardless of whether the parties consent to proceed with the remaining eleven jurors. *See* CRIM. PROC. art. 36.29(a). Second, the trial can continue if the parties consent to proceed with less than twelve jurors, regardless of whether the juror has died or has become disabled. *See* GOV'T § 62.201. Even if the trial court was incorrect in its reasons for releasing the juror and in proceeding with eleven jurors, we will uphold that ruling if it can be sustained under any applicable theory. *Flores v. State*, No. 11-06-00348-CR, 2008 WL 2842098, at *2 (Tex. App.—Eastland July 24, 2008, pet. ref'd) (mem. op., not designated for publication).

Here, both parties state in their briefs that the dismissed juror was not disabled as contemplated by Article 36.29. However, because both parties agreed to proceed

4

with eleven jurors, whether the trial court dismissed the juror as disabled is of no consequence; Section 62.201 authorized the action taken by the trial court. *See Hill v. State*, 90 S.W.3d 308, 315 (Tex. Crim. App. 2002) ("[S]ince the juror was not disabled, the only way the court could proceed with eleven jurors was under § 62.201, which requires the parties' consent.").

Before it dismissed the juror, the trial court acknowledged the need for consent to proceed with eleven jurors. To that, Appellant's counsel responded: "[Y]ou have our consent." Appellant nevertheless maintains that, because she did not personally consent to be tried by less than twelve jurors, the trial could not go forward with eleven jurors. We have previously addressed this argument and found it to be without merit. *See Flores*, 2008 WL 2842098, at *2 (citing *Hatch*, 958 S.W.2d at 816).

The record affirmatively shows that both parties agreed to proceed with eleven jurors. Therefore, because the requirements of Section 62.201 have been met, we hold that the trial court did not abuse its discretion when it dismissed the juror and proceeded with eleven jurors. We overrule Appellant's first issue.

In her second issue, Appellant claims that she received ineffective assistance of counsel when trial counsel failed to object to the admission of P.R.'s prior inconsistent statements.

We review an ineffective-assistance-of-counsel claim under a two-part standard. *Strickland v. Washington*, 466 U.S. 668, 687 (1984); *Perez v. State*, 310 S.W.3d 890, 892–93 (Tex. Crim. App. 2010). First, Appellant must show that counsel's performance was deficient in that it fell below an objective standard of reasonableness. *Perez*, 310 S.W.3d at 892–93. Second, Appellant must show prejudice to the defense as a result of counsel's deficient performance. *Id*. at 893.

At trial, the State called P.R. as a witness. P.R. stated that she went to Lerma's home that day "[b]ecause [she] had said that [her] mom had hit [her]," but she then

testified that she did not really remember how she had been injured that day. She also testified that she had hit herself and caused the injury to her face. The State next called Lerma and Officer Owens. Without objection, both testified to P.R.'s statements in which she claimed that her mother had hit her. Appellant asserts that, because P.R. had previously recanted her story, the State was aware that P.R.'s testimony would contradict the statements she made to Lerma and Officer Owens. Therefore, according to Appellant, the State impermissibly called P.R. as a witness to impeach her testimony with evidence of those prior inconsistent statements— namely, that her mother had hit her. Because trial counsel did not object to this testimony, Appellant asserts that counsel's performance was deficient. We do not agree.

To establish deficient performance, a defendant must show that counsel's representation was objectively unreasonable based on "prevailing professional norms." *Id.* (quoting *Strickland*, 466 U.S. at 688). We assess counsel's performance in light of all of the circumstances and apply a strong presumption that counsel's representation fell within "the wide range of reasonable professional assistance." *Id.* (quoting *Strickland*, 466 U.S. at 688–89). To overcome this presumption, a defendant must establish that, under the circumstances, counsel's action could not be considered sound trial strategy. *Strickland*, 466 U.S. at 689.

Generally, failure to object to "prejudicial and *clearly* inadmissible evidence" carries no strategic value; however, counsel's lack of objection to "prejudicial and *arguably* inadmissible evidence may be strategic." *Ex parte Menchaca*, 854 S.W.2d 128, 132 (Tex. Crim. App. 1993) (emphasis added) (quoting *Lyons v. McCotter*, 770 F.2d 529, 534 (5th Cir. 1985)). While the State generally may not impeach its own witness "for the primary purpose of placing evidence before the jury that was otherwise inadmissible," the "State's knowledge that its own witness will testify unfavorably is a factor the trial court must consider when determining whether the

6

[impeachment] evidence is admissible under Rule 403." *Hughes v. State*, 4 S.W.3d 1, 5 (Tex. Crim. App. 1999); *see* TEX. R. EVID. 403.

Based on the record, we cannot conclude that trial counsel's failure to object was unreasonable or without strategic value. When P.R. testified that she sustained the injury to her face by hitting herself, the State did not question P.R. about her previous statements that her mother had hit her. Because the State did not confront P.R. with her prior inconsistent statements, the record does not support Appellant's contention that the State called P.R. as a witness to impeach her testimony with evidence of those statements. *See* TEX. R. EVID. 613(a)(1). Furthermore, P.R. acknowledged those prior statements in her testimony when she explained why she had gone to Lerma's house that day; therefore, trial counsel could have made a strategic decision to not object to hearsay that was cumulative of other evidence. Trial counsel could also have reasonably concluded that P.R.'s statements to Lerma and Officer Owens were admissible as excited utterances in light of the testimony that P.R. was crying and seemed frightened.

Accordingly, because Appellant has failed to show that trial counsel's performance was deficient, we cannot conclude that Appellant received ineffective assistance of counsel. We overrule Appellant's second issue.

We affirm the judgment of the trial court.

March 26, 2020                                    JIM R. WRIGHT

Do not publish. *See* TEX. R. APP. P. 47.2(b).       SENIOR CHIEF JUSTICE

Panel consists of: Bailey, C.J.,
Stretcher, J., and Wright, S.C.J.[1]

Willson, J., not participating.

---

[1]Jim R. Wright, Senior Chief Justice (Retired), Court of Appeals, 11th District of Texas at Eastland, sitting by assignment.