

# IN THE COURT OF CRIMINAL APPEALS
# OF TEXAS

## NO. PD-0280-22

### JOE LUIS BECERRA, Appellant

### v.

### THE STATE OF TEXAS

### ON APPELLANT'S PETITION FOR DISCRETIONARY REVIEW
### FROM THE TENTH COURT OF APPEALS
### BRAZOS COUNTY

KEEL, J., filed a dissenting opinion in which KELLER, P.J., and SLAUGHTER, J., joined.

## DISSENTING OPINION

An alternate juror participated in jury deliberations before a verdict was returned and might have voted for conviction along with the other twelve jurors. Was this harmful? No; it wasn't even error. We should affirm the judgment of the court of appeals. Since the Court does otherwise, I respectfully dissent.

## I.   No Error

Appellant claims that the alternate juror's presence and participation during deliberations violated our twelve-person-jury requirements and our prohibitions against outsiders attending deliberations or talking to jurors about the case on trial.   *See* Tex. Const. art. V, § 13; Tex. Code Crim. P. art. 33.01; Tex. Code Crim. P. art. 36.22.   I disagree.

## A.   No Violation of Twelve-Person-Jury Requirements

Our Constitution says that in felony cases "juries in the District Courts shall be composed of twelve persons[.]"   Tex. Const. art. V, § 13.   Our criminal code says that in felony cases in district court "the jury shall consist of twelve qualified jurors."   Tex. Code Crim. P. art. 33.01(a).   The twelve-member composition or consistency of the jury does not change just because alternates are empaneled.   Even if the alternates stand ready in the jury room, the jury is still "composed" of twelve persons and consists of twelve qualified jurors who will—unless replaced—deliberate on a verdict.   The presence and participation of an alternate during deliberations and even his purported vote on the verdict would not violate our twelve-person-jury requirements if the twelve regular jurors deliberated and voted on the verdict.

In this case, the twelve who mattered—the regular jurors who were never replaced by an alternate—voted to convict.   Appellant's right to a twelve-person jury was honored.

But what about group dynamics?   That concern implies rights that a defendant does not have.   A defendant has no right "to a jury of any particular composition,"

*Taylor v. Louisiana*, 419 U.S. 522, 538 (1975), and no right to "any particular individual" on the jury. *Colone v. State*, 573 S.W.3d 249, 261 (Tex. Crim. App. 2019). His "only substantial right is" to qualified jurors. *Id.* at 261. If he has no right to a particular juror or jury, then the defendant has no right to a particular set of group dynamics, either.

If he did, the legitimacy of seating alternates would be in doubt because group dynamics evolve over the course of a trial. *See* Sara Gordon, *All Together Now: Using Principles of Group Dynamics to Train Better Jurors*, 48 Ind. L. Rev. 415, 425 (2015) (discussing evolution of a jury's group dynamics from empanelment to verdict). "Once people are part of a group, they are powerfully influenced by other group members." *Id.* at 426. The mere availability of alternates could affect a regular juror's commitment to attending and critically evaluating evidence during its presentation. *See id.* (noting "bystander effect" studies suggesting that as group size increases, "each individual member will be less responsible for helping because others will take responsibility."). And during deliberations, "[a] lone juror who could not in good conscience vote for conviction could be under great pressure to feign illness or other incapacity so as to place the burden of decision on an alternate juror." *U.S. v. Lamb*, 529 F2d. 1153, 1156 (9th Cir. 1975). And what about the alternate who joins deliberations late in the game? On the one hand, he may face a "substantial" and "inherent coercive effect" to go along with the already-cohesive crowd. *Id.* On the other, maybe his post-submission substitution "undermines the group dynamics involved in the deliberative process." Jeffrey T. Baker, *Issues in the Third Circuit, Criminal Law - Post-Submission Juror Substitution in the*

*Third Circuit: Serving Judicial Economy While Undermining a Defendant's Rights to an Impartial Jury under Rule 24(c)*, 41 Vill. L. Rev. 1213, 1249 (1996). Who knows? Group dynamics are inscrutable, especially in the jury context. *See* Tex. R. Evid. 606(b); *see also* Gordon, 48 Ind. L. Rev. at 417 (noting "jurors must work in groups, and what happens when jurors deliberate can be hard to know.").

Appellant was afforded a jury of twelve qualified people, and the alternate's presence, participation, and purported vote during deliberations did not undermine that right. His complaint about the jury's composition has no merit.

## B. No Violation of Article 36.22's Prohibition Against Outsiders

Article 36.22 says, "No person shall be permitted to be with a jury while it is deliberating. No person shall be permitted to converse with a juror about the case on trial except in the presence and by the permission of the court." Tex. Code Crim. P. art. 36.22. Obviously, Article 36.22 does not apply to jurors, and alternates are jurors according to two clauses of Article 33.011.

First, Article 33.011(a) refers to alternate jurors as "jurors": "[i]n district courts, the judge may direct that not more than four jurors in addition to the regular jury be called and impaneled to sit as alternate jurors." Tex. Code Crim. P. art. 33.011(a). Second, Article 33.011(b) specifies that alternate jurors are to be treated as regular jurors; they are not only selected and qualified in the same way as regular jurors, but they also "shall have the same functions, powers, facilities, security, and privileges as regular jurors." Tex. Code Crim. P. art. 33.011(b). In short, Article 33.011 says alternates are

jurors and requires that they be treated as such.

Since alternates are jurors and must be treated as such, Article 36.22 was not violated in this case by the alternate's presence, participation, and purported vote during deliberations.

## II.  No Harm

Even if there was error, there was no harm.   Appellant was convicted by a vote of twelve of twelve jurors—not by eleven of twelve or twelve of thirteen.  *Cf. Scales v. State*, 380 S.W.3d 780, 786-87 (Tex. Crim. App. 2012) (holding that harmful error from wrongful substitution of alternate for regular juror who dissented to guilty verdict was demonstrated by return of guilty verdict immediately after the substitution).

Even assuming Appellant had a thirteenth juror who voted to find him guilty, he was not harmed.   A greater number of fact finders generally would benefit the defense because a greater number makes it harder to achieve consensus.   Thus, our Constitution and criminal code require twelve jurors in felony cases but only six in misdemeanor cases—greater risk commands greater protection.   *See* Tex. Const. art. V, § 13; Tex. Code Crim. P. art. 33.01.   For the same reason, the code says, "Not less than twelve jurors can render and return a verdict in a felony case."   Tex. Code Crim. P. art. 36.29(a).   And in no circumstance may fewer than nine jurors render a verdict.   Tex. Const. art. V, § 13.   The universal requirement of at least twelve jurors in death penalty cases also "suggests implicit recognition of the value of the large body as a means of legitimating society's decision to impose the death penalty."   *Williams v. Florida*, 399

U.S. 78, 103 (1970); *but see id.* at 101-02 (noting that "neither currently available evidence nor theory suggests that the 12-man jury is necessarily more advantageous to the defendant than a jury composed of fewer members).   If twelve is good, thirteen is better, and Appellant was not harmed by the alternate's participation in deliberations, even if he purported to vote on the verdict.

## III.   Conclusion

I would affirm the judgments of the courts below.   Since the Court does otherwise, I respectfully dissent.

Filed: February 7, 2024
Publish