**Opinion filed October 3, 2024**



## In The

# Eleventh Court of Appeals

_____

### No. 11-21-00290-CR

_____

## JOHNNY BRYAN HERNANDEZ, Appellant

## V.

## THE STATE OF TEXAS, Appellee

**On Appeal from the 244th District Court**

**Ector County, Texas**

**Trial Court Cause No. C-20-0425-CR**

### M E M O R A N D U M   O P I N I O N

A jury found Appellant, Johnny Bryan Hernandez, guilty of murder, a first-degree felony, and aggravated assault with a deadly weapon, a second-degree felony. *See* TEX. PENAL CODE ANN. §§ 19.02(b), (c), 22.02(a)(2), (b) (West Supp. 2023). In accordance with the jury's punishment verdict, the trial court sentenced Appellant to confinement in the Institutional Division of the Texas Department of Criminal Justice for fifty years for the murder conviction, and twenty years for the aggravated-assault conviction. The trial court ordered the sentences to run concurrently.

Appellant raises two issues on appeal, asserting that the trial court erroneously: (1) dismissed Juror No. 18 after the jury had been impaneled, and then impaneled the first alternate juror; and (2) permitted the State's investigator—a person other than the bailiff—to be alone with the jury in the courtroom. We affirm.

*Factual Background*

Appellant does not challenge the sufficiency of the evidence to support his convictions, only that the trial court erred in decisions related to the jury in two instances. Consequently, we limit the recitation of facts to those necessary to resolve the issues raised on appeal.

The twelve-person jury and two alternates were selected and sworn on Friday, December 10, 2021, and reconvened for trial the following Monday. Prior to start of trial, Juror No. 18 requested that he be excused because his mother had been admitted to the hospital with COVID-19, and he could not "help but continuously think of the what-ifs [of] her situation." The juror expressed that he "want[ed] to serve," but his mother's illness came to mind "very, very frequently," and he "[felt] it would be a distraction."

Following the trial court's questioning of Juror No. 18, the trial court recessed so that the attorneys could consider whether to discharge the juror and replace him with an alternate. After Appellant and his trial counsel were given time to confer, the parties jointly agreed to release Juror No. 18 and replace him with the first alternate. The trial court found good cause to excuse Juror No. 18 from jury service in that he would be unable to perform his duties as a juror, and the trial court added the first alternate, Juror No. 35, as a member of the jury.

During its guilt/innocence deliberations, the jury requested to review three admitted videos. After identifying which exhibits the jury's note described, the jury was brought back into the courtroom to view "them on the equipment . . . in the courtroom." Due to the format of the videos and the device on which they were

2

stored, the parties agreed to permit a State's investigator to play them for the jury.[1] But before the State, Appellant, and the trial judge left the courtroom, the trial court admonished the jurors and investigator that they were not to communicate other than with respect to playing the videos. The trial court instructed the jury that they were not permitted to communicate with each other except to request that the investigator play a particular excerpt or to pause or rewind the same. Further, only the foreperson was permitted to forward such requests to the investigator. The jury was additionally instructed that they were not to deliberate during that time, nor to communicate with each other for any purpose unrelated to requests to view portions of the video exhibits. The foreperson confirmed that the jury understood the procedure, and both the State and Appellant agreed that the outlined procedure was acceptable.

### Issue One

In Appellant's first issue, he contends that the trial court erred by discharging Juror No. 18 and replacing him with an alternate. Appellant acknowledges that he and his trial counsel expressly agreed to and did not object to the substitution. The State responds that Appellant has waived this issue for appellate review.

To preserve a complaint for appellate review, a defendant must make a "timely request, objection, or motion" stating grounds for the desired ruling and the trial court must either rule or refuse to rule on the request, objection, or motion. TEX. R. APP. P. 33.1(a)(1), (2); *Winfrey v. State*, 104 S.W.3d 282, 283 (Tex. App.—Eastland 2003, pet. ref'd) (Where the appellant did not object to the replacement of a dismissed juror and affirmatively approved of the method used by the trial court to seat the twelfth juror—by not objecting, the appellant waived the issue on appeal.). Here, Appellant did not object or request a mistrial. Rather, he affirmatively agreed that it was appropriate for the alternate juror to be empaneled when good cause was

---

[1]The prosecutor could only play the videos on her personal device and did not want the jury to have access to any additional information.

shown to release Juror No. 18. By failing to object and by willingly agreeing to release Juror No. 18 and seat the alternate juror, Appellant has waived this issue on appeal. *See Winfrey*, 104 S.W.3d at 283.

Even if Appellant preserved this issue for appellate review, replacing Juror No. 18 with an alternate was within the discretion of the trial court under Article 33.011 of the Texas Code of Criminal Procedure. *See* TEX. CODE. CRIM. PROC. ANN. art. 33.011 (West Supp. 2023). Pursuant to Article 33.011(b), before a verdict is rendered on the guilt or innocence of the defendant and before one is rendered on punishment (if applicable), alternate jurors shall replace jurors who have become, or are found to be, unable or disqualified to perform their duties.[2] *Id.* The trial court has discretion to determine whether a juror has become disabled and to seat an alternate juror. *See* CRIM. PROC. art. 36.29; *Scales v. State*, 380 S.W.3d 780, 783 (Tex. Crim. App. 2012). We review the trial court's determination for an abuse of discretion. *Scales*, 380 S.W.3d at 784. We may not substitute our own judgment for that of the trial court. Instead, we are to assess whether, after viewing the evidence in the light most favorable to the trial court's ruling, the ruling was arbitrary or unreasonable. *Id.* The ruling must be upheld if it is within the "zone of reasonable disagreement." *Id.* Absent an abuse of discretion, no reversible error will be found. *Id.*

The trial court, finding good cause that Juror No. 18 would be unable to perform his duties as a juror, acted within its discretion to dismiss said juror and replace him with the alternate juror. *See id.* at 783–84; *see also Foyt v. State*, 602 S.W.3d 23, 49–50 (Tex. App.—Houston [14th Dist.] 2020, pet. ref'd). Further, had

---

[2]Article 33.011(a) states that, in a district court, a judge may impanel up to four additional jurors to sit as alternates. Section (b) states that, before a jury renders a verdict regarding a defendant's guilt or innocence, or assesses a punishment when applicable, alternate jurors "shall replace jurors who . . . become or are found to be unable or disqualified to perform their duties or are found by the court on agreement of the parties to have good cause for not performing their duties." CRIM. PROC. art. 33.011(b).

there been error as Appellant argues, "[t]he next step in our analysis [would be] to determine whether the error resulted in harm." *Whitehead v. State*, 437 S.W.3d 547, 556 (Tex. App.—Texarkana 2014, pet. ref'd). But Appellant has neither briefed the issue of harm nor has he shown that substituting Juror No. 18 with the first alternate, Juror No. 35, affected his substantial rights.[3] *See* TEX. R. APP. P. 44.2(b). We overrule Appellant's first issue.

*Issue Two*

Appellant contends in his second issue that the trial court erred by permitting an investigator with the Ector County District Attorney's Office to be in the jury's presence after deliberations began. Appellant likewise failed to object and agreed, as he did with the substitution of Juror No. 18, to the State's investigator being alone with the jury to play the requested videos. Despite this failure, Appellant claims that the trial court violated Article 36.22 of the Texas Code of Criminal Procedure by allowing the jurors to view evidence "during deliberations" in the presence of the State's investigator. Article 36.22 prohibits any person from being with a jury during deliberations, and also prohibits any person from conversing with a juror about the case on trial, "except in the presence and by the permission of the court." CRIM. PROC. art. 36.22 (West 2006).

To preserve an Article 36.22 claim for appellate review, the party must object as soon as the issue becomes apparent. *See* TEX. R. APP. P. 33.1(a)(1), (2); *Laws v. State*, 640 S.W.3d 227, 229 (Tex. Crim. App. 2022) (citing *Becerra v. State*, 620 S.W.3d 745, 747 (Tex. Crim. App. 2021)). Here, Appellant again failed to preserve this issue for appellate review. When asked if he had any objections to the proposed plan to have the State's investigator play the videos, Appellant's trial counsel

_____

[3]To present an issue for appeal, an appellant's brief must contain, among other things, clear and concise argument for its contentions with appropriate citations to authorities and the record. *See* TEX. R. APP. P. 38.1(i). When a party fails to brief a complaint adequately, it waives the issue on appeal. *See Arevalo v. State*, 675 S.W.3d 833, 847 (Tex. App.—Eastland 2023, no pet.) (failure to brief harm).

5

answered, "No, sir, I don't." There was additionally no allegation of jury deliberations *during* the time that the State's investigator was present in the courtroom and played the videos. Thus, the second issue was also waived on appeal.

Even if the issue were preserved and the trial court had erred, any error was harmless. *See* TEX. R. APP. P. 44.2(b). The trial court was required, upon the jury's request, to make requested videos available to the jury for viewing. *See* CRIM. PROC. art. 36.25 ("There shall be furnished to the jury upon its request any exhibits admitted as evidence in the case."). The parties agreed that the investigator could show the videos. The trial court thoroughly admonished the State's investigator and the jury about limiting any communications to only the playing and reviewing of the subject exhibits and prohibited any other conversation. On appeal, we presume that the jury followed the trial court's instructions. *See Thrift v. State*, 176 S.W.3d 221, 224 (Tex. Crim. App. 2005). That presumption is rebuttable, but to do so, the appellant must point to evidence that the jury failed to follow the trial court's instructions. *Id.* Appellant points to no such evidence on appeal.

We overrule Appellant's second issue.

### *This Court's Ruling*

We affirm the judgments of the trial court.


W. BRUCE WILLIAMS
JUSTICE


October 3, 2024

Do not publish. *See* TEX. R. APP. P. 47.2(b).

Panel consists of: Bailey, C.J.,
Trotter, J., and Williams, J.